**Kenneth A. FAOUR, Individually and Magnolia Fruit & Produce Co., Inc., Appellants,**

v.

**Anthony T. FAOUR, Individually and d/b/a A.T.F. Produce Company, Appellee.**

No. 9758.

Court of Appeals of Texas, Texarkana.

March 27, 1990.

Rehearing Overruled May 8, 1990.

Tom Alexander, David J. Sacks, Alexander & McEvily, Houston, for appellants.

Sherry B. Angelo, Sherry B. Angelo, P.C., Houston, for appellee.

CORNELIUS, Chief Justice.

Kenneth A. Faour, individually, and Magnolia Fruit & Produce Co., Inc. appeal from a judgment which awarded Anthony T. Faour $684,029.33 plus pre- and post-judgment interest as damages, commissions, and attorney's fees in his action for breach of fiduciary duties. The alleged breaches of duty arose from Kenneth Faour's alleged mismanagement of the corporation, Magnolia Fruit & Produce Co., in which Anthony Faour owned a minority stock interest. We will modify the judgment by deleting any recovery of damages for breach of fiduciary duties, but allowing recovery of unpaid commissions and attorney's fees.

This suit began as an attempt by Magnolia to recover from Anthony Faour a debt on sworn account. Anthony and Kenneth Faour are brothers and were initially equal partners in Magnolia Fruit Co., a partnership. Anthony left the partnership, which was subsequently incorporated with Kenneth owning the majority interest in the corporation. The minority interest is owned by the remaining siblings, including Anthony, who owns approximately three percent of the stock.

Anthony worked occasionally for the corporation and operated his own company, A.T.F. Produce. Magnolia and A.T.F. Produce also did business with each other. A.T.F. owed Magnolia $24,970.67. Magnolia filed suit to collect the debt. Anthony Faour answered and filed a counterclaim against Kenneth Faour and Magnolia, seeking damages for breach of fiduciary duties by Kenneth Faour, individually, and as president of the corporation. Anthony Faour also claimed that Magnolia owed him unpaid salary and commissions.

The jury found that Anthony Faour owed Magnolia $24,970.67 on the sworn account, offset by $9,000.00 which Magnolia owed Anthony Faour for back salary and commissions. The jury also found that Kenneth Faour, individually and as corporate president of Magnolia, breached fiduciary duties owed to Anthony Faour. The jury awarded damages of $300,000.00 actual and $400,000.00 exemplary.

We agree with Magnolia's contention that there is no evidence that Kenneth Faour breached any fiduciary duty to Anthony Faour. The only basis in the jury answers for liability for breach of fiduciary duty was Special Question No. 5, which found that Kenneth Faour (a) failed to hold corporate shareholders and directors meetings, (b) suppressed payment of dividends to the shareholders, (c) failed to prevent the dissipation of the corporation's assets, (d) failed to supply written financial records of the corporation as requested, (e) made improper loans by the corporation, and (f) caused stock in the corporation to lose value. These are all duties which an officer owes to the corporation rather than to an individual shareholder. A corporate officer owes a fiduciary duty to the shareholders collectively, i.e. the corporation, but he does not occupy a fiduciary relationship with an *individual* shareholder, unless some contract or special relationship exists between them in addition to the corporate

relationship. *Kaspar v. Thorne*, 755 S.W.2d 151 (Tex.App.—Dallas 1988, no writ); *Schoellkopf v. Pledger*, 739 S.W.2d 914 (Tex.App.—Dallas 1987), *rev'd on other grounds*, 762 S.W.2d 145 (Tex.1988); 20 R. Hamilton, *Business Organizations* § 711 (Texas Practice 1973); 18B Am. Jur.2d *Corporations* § 1692 (1985); *see also, Sutton v. Reagan & Gee*, 405 S.W.2d 828 (Tex.Civ.App.—San Antonio 1966, writ ref'd n.r.e.).

■ A corporate shareholder has no individual cause of action for personal damages caused solely by wrong done to the corporation. *Commonwealth of Massachusetts v. Davis*, 140 Tex. 398, 168 S.W.2d 216 (1942), *cert denied*, 320 U.S. 210, 63 S.Ct. 1447, 87 L.Ed. 1848 (1943); *Schoellkopf v. Pledger*, supra. The cause of action for injury to the property of a corporation or for impairment or destruction of its business is vested in the corporation, as distinguished from its shareholders, even though the harm may result indirectly in the loss of earnings to the shareholders. The individual shareholders have no separate and independent right of action for wrongs to the corporation which merely result in depreciation in the value of their stock. *Commonwealth of Massachusetts v. Davis*, supra.

■ To recover for damages to the corporation, the shareholder must bring the suit derivatively in the name of the corporation so that each shareholder will be made whole if the corporation obtains compensation from the wrongdoer. *Empire Life Insurance Co. of America v. Valdak Corp.*, 468 F.2d 330 (5th Cir.1972). To bring a derivative suit, the shareholder's pleadings must state that he was a record or beneficial owner of the shares at the time of the complained-of transaction and must point out with particularity the efforts he has made to have the suit brought for the corporation by the board of directors or give reasons for not making such an effort. Tex.Bus.Corp.Act, art. 5.14(B)(2) (Vernon 1980). Anthony Faour's counterclaim was not a shareholder derivative action. It clearly states that it was brought individually and not derivatively.

■ A corporate shareholder may have an individual action for wrongs done to him where the wrongdoer violates a duty arising from a contract or otherwise and owing directly by him to the shareholder. *Stinnett v. Paramount–Famous Lasky Corporation*, 37 S.W.2d 145 (Tex.Comm'n App. 1931, holding approved). This principle is not an exception to the general rule, but is only a recognition that a shareholder may sue for violation of his individual rights, regardless of whether the corporation also has a cause of action. It is the nature of the wrong, whether directed against the corporation only or against the shareholder personally, not the existence of injury, which determines who may sue. *Schoellkopf v. Pledger*, supra.

Anthony Faour contends that he is entitled to individual damages for the malicious suppression of dividends, and he relies on *Patton v. Nicholas*, 154 Tex. 385, 279 S.W.2d 848 (1955), to support that proposition. We cannot agree. *Patton* was a case where minority stockholders in a corporation sued in equity for receivership and mandatory injunction because, among other things, the corporation and its officers had maliciously suppressed dividends. The court held that where the payment of dividends has been maliciously suppressed the court may issue a mandatory injunction requiring the corporation to declare and pay, at the earliest practical date, a reasonable dividend on the stock of the corporation. The case did not hold that damages may be awarded to an individual shareholder for dividends not paid in the past. Moreover, the minority shareholders in *Patton* also had individual contracts with the corporation which had been maliciously breached. The cases of *Davis v. Sheerin*, 754 S.W.2d 375 (Tex.App.—Houston [1st Dist.] 1988, writ denied), and *Duncan v. Lichtenberger*, 671 S.W.2d 948 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.), are also inapposite. In *Davis*, the court exercised its equitable powers to order a corporation to buy out a minority stockholder. In that case, however, the plaintiff sued *as a shareholder* as well as individually, and alleged oppressive conduct against himself

individually. *Duncan* was a case where two minority stockholders established that the corporate officer occupied a fiduciary relationship with them individually, and that the officer had personally injured them by oppressive conduct, including physically locking them out of the corporate premises. The trial court ordered restitution of specific monies which the shareholder had given to the officer for the purchase of stock which had never been issued.

This suit is not an equitable proceeding. It is a counterclaim for damages for corporate mismanagement and loss of stock value. While Anthony Faour argues that it is a personal action, there is no evidence that Kenneth Faour occupied a position of trust and confidence or any fiduciary relationship to Anthony Faour aside from the corporate relationship, nor is there a claim for injury to anything but the financial position of the corporation and stock value and benefits. In that situation, the action is the corporation's, not the individual stockholder's. *Commonwealth of Massachusetts v. Davis,* supra; *Hajdik v. Wingate,* 753 S.W.2d 199 (Tex.App.—Houston [1st Dist.] 1988, writ granted).

 The award of exemplary damages likewise cannot be sustained. There is no recovery of actual damages for tort, only attorney's fees and $9,000.00 in earned commissions. These amounts are in the nature of costs and breach of contract damages. No exemplary damages can be awarded unless there is a separate and independent tort for which damages have been awarded. *Nabours v. Longview Savings & Loan Ass'n,* 700 S.W.2d 901 (Tex. 1985). Thus, no basis for exemplary damages exists.

Anthony Faour is entitled to his attorney's fees incurred in his effort to obtain the right to inspect the corporation's books, pursuant to Tex.Bus.Corp.Act. § 2.44 (Vernon Supp.1990), as well as the $9,000.00 he was due for past earned commissions. The judgment will be modified to award those amounts.

It is not necessary to discuss the remaining points of error. For the reasons stated, the judgment is modified to decree that Anthony Faour recover from Magnolia Fruit Co. and Kenneth Faour $8,000.00 attorney's fees, plus $9,000.00 for earned commissions, with prejudgment interest at six percent per annum on those amounts from January 1, 1979, to the date of judgment, and that Magnolia Fruit Co. recover from Anthony Faour d/b/a A.T.F. Produce Company the sum of $24,970.67, with prejudgment interest at six percent per annum from January 1, 1979, together with $13,000.00 attorney's fees to date and additional attorney's fees as provided in the trial court judgment in the event an application for writ of error is sought in the Texas Supreme Court. Attorney's fees to Magnolia Fruit Co., as well as all other recoveries in the judgment, are to bear interest from date of judgment until paid at ten percent per annum. As modified, the judgment of the trial court is affirmed.