Dr. Jose **GAMBOA**, Individually and as Trustee for the Jose Gamboa, M.D., P.A. Profit Sharing Plan and Trust, and Carl Gamboa, Appellants,

v.

Ronald J. **SHAW**, Appellee.

No. 04–96–01002–CV.

Court of Appeals of Texas, San Antonio.

Oct. 22, 1997.

James S. Wilkins, Jacobs, Willis & Wilkins, L.L.P., San Antonio, for Appellant.

Glenn J. Deadman, Glenn J. Deadman, P.C., San Antonio, for Appellee.

Before STONE, GREEN and ANGELINI, JJ.

## OPINION

ANGELINI, Justice.

Appellants, Dr. Jose Gamboa, Individually and as Trustee for the Jose Gamboa, M.D., P.A. Profit Sharing Plan and Trust, and Carl Gamboa,[1] appeal the granting of summary judgment in favor of appellee, Ronald J. Shaw, in this legal malpractice case. In two points of error, Gamboa contends that the trial court erred in granting Shaw's motion for summary judgment and in holding that his cause of action for civil conspiracy was barred by the statute of limitations. We affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1988, Gamboa began investing in Home Advantage, Inc. (HAI), a corporation engaged in the business of originating real estate improvement notes. When Gamboa became involved with HAI, fifty percent of HAI's stock was owned by Kenneth Saks and 50 percent was owned by Carl Saks. The Sakses acted as the company's sole officers and directors. Gamboa continued his business dealings with HAI through the latter part of 1989. Gamboa contends that, during the course of these dealings, he became and remained a shareholder of HAI. The Sakses deny that Gamboa was ever a shareholder.

In August of 1990, Gamboa individually sued HAI and the Sakses, for breach of contract, fraud, breach of fiduciary duty, and civil conspiracy, alleging that, among other things, the Sakses had misappropriated company assets for their own benefit. In his capacity as an alleged shareholder, Gamboa also sued Kenneth Saks for breach of fiduciary duty owed to HAI and its shareholders. Kenneth Saks and HAI hired appellee, Ronald Shaw, to represent them in the lawsuit (first lawsuit).

In 1992, the district court granted Gamboa's second motion to disqualify Shaw from representing both Kenneth Saks and HAI in the first lawsuit, finding that there was a potential conflict of interest between Saks and HAI. Also, during the course of the first lawsuit, HAI filed bankruptcy. Shaw's law firm filed a proof of claim in the bankruptcy proceedings, seeking attorney's fees for services rendered in the first lawsuit. Pursuant to federal law, the bankruptcy court denied

---

1. For the sake of clarity and brevity, the appellants will be collectively referred to as "Gamboa" in this opinion.

the proof of claim, finding that there was a conflict of interest in the firm's representation of both HAI and Saks in the first lawsuit. In 1994, the first lawsuit was dismissed for want of prosecution.

In the present case, Gamboa sued Shaw for breach of fiduciary duty/conflict of interest and civil conspiracy, alleging that Shaw's representation of both Kenneth Saks and HAI in the first lawsuit damaged HAI, and, as a result, damaged Gamboa as a shareholder, creditor, or beneficiary of HAI. Shaw filed a motion for summary judgment, arguing that Gamboa had no standing to bring a civil conspiracy claim against Shaw, that the civil conspiracy cause of action was barred by the statute of limitations, and that Gamboa had no standing to assert any legal malpractice cause of action against Shaw. The trial court granted summary judgment as to Gamboa's breach of fiduciary duty/conflict of interest claim and as to any violation of the Texas State Disciplinary Rules. The trial court denied summary judgment as to Gamboa's civil conspiracy claim. However, Shaw later filed an amended motion for summary judgment, reasserting his defenses to Gamboa's civil conspiracy cause of action. The trial court eventually granted summary judgment on the civil conspiracy cause of action, resulting in a dismissal of all of Gamboa's causes of action.

## ARGUMENT AND AUTHORITY

### A. Standard of Review

In order to prevail on a motion for summary judgment, a defendant must either prove that no genuine issue of material fact exists, affirmatively disprove at least one element of the plaintiff's cause of action, or prove an affirmative defense as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); *Ross v. Arkwright Mut. Ins. Co.*, 892 S.W.2d 119, 127 (Tex.App.—Houston [14th Dist.] 1994, no writ). In any case, the movant bears the burden of proving that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). On review, the appellate court must take as true all evidence favoring the nonmovant and indulge every reasonable inference in his favor. *Park Place Hosp. v. Milo*, 909 S.W.2d 508, 510 (Tex.1995); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984).

### B. Privity Requirement in Legal Malpractice Actions

In his first point of error, Gamboa contends that the trial court erred in granting Shaw's motion for summary judgment as to Gamboa's causes of action founded in either breach of fiduciary duty, breach of the Texas State Disciplinary Rules, or conflict of interest. In making his argument, Gamboa asks us to carve out an exception to established Texas law based upon his interpretation of public policy. Gamboa's causes of action are premised on the allegation that Shaw's representation of both Kenneth Saks and HAI in the first lawsuit damaged HAI and, therefore, damaged Gamboa as an alleged shareholder of HAI. It is undisputed that Shaw did not represent Gamboa at any time during the first lawsuit. However, Gamboa argues that Shaw owed him a duty of care because he was a beneficiary of Shaw's client, HAI. Specifically, Gamboa contends that an attorney's liability for failing to fulfill his duties to a corporate client should extend to beneficiaries of the corporation, including alleged shareholders and creditors.

It is well-established that Texas does not recognize a cause of action for legal malpractice asserted by a party not in privity with the offending attorney. *Barcelo v. Elliott*, 923 S.W.2d 575, 577–78 (Tex.1996); *Thompson v. Vinson & Elkins*, 859 S.W.2d 617, 621 (Tex.App.—Houston [1st Dist.] 1993, writ denied); *Thomas v. Pryor*, 847 S.W.2d 303, 304 (Tex.App.—Dallas 1992), *judgm't vacated by agr.*, 863 S.W.2d 462 (Tex.1993). The Texas Supreme Court recently revisited this issue and found no reason for an exception to the privity requirement, holding that an attorney owes no duty to third parties who are not his clients, even if the third party is damaged by the attorney's negligent representation of the client. *Barcelo*, 923 S.W.2d at 577. Gamboa acknowledges a lack of privity between himself and Shaw. Nevertheless, relying on the dissent in *Barcelo*, he invites us to deviate from existing Texas law

and create an exception to the privity requirement in cases such as this.

■ We decline Gamboa's invitation and follow the Texas privity requirement, as many Texas courts, including this one, have done with similar requests. *See Berry v. Dodson, Nunley & Taylor, P.C.,* 717 S.W.2d 716, 718 (Tex.App.—San Antonio 1986), *judgm't vacated by agr.,* 729 S.W.2d 690 (Tex.1987); *see also Thompson,* 859 S.W.2d at 622; *Thomas,* 847 S.W.2d at 305; *Dickey v. Jansen,* 731 S.W.2d 581, 582 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *Bell v. Manning,* 613 S.W.2d 335, 339 (Tex. Civ.App.—Tyler 1981, writ ref'd n.r.e.). We note that most of the Texas cases discussing the privity requirement do so in the context of a will or trust dispute. These cases typically involve intended beneficiaries of an allegedly negligently drafted will or trust instrument seeking to recover from the attorney who drafted the document. The rationale behind the privity rule in those cases is that such a requirement "ensures that attorneys may in all cases zealously represent their clients without the threat of suit from third parties compromising that representation." *Barcelo,* 923 S.W.2d at 578–79. The privity requirement serves to mitigate the problem of disappointed heirs attempting to prove that the drafting attorney failed to properly record the deceased's intentions. *Id.*

The purpose behind the privity requirement is even more apparent in situations such as the present case. In the estate planning context, individuals attempting to recover from the drafting attorney are actually intended third party beneficiaries of the attorney's *representation* of the client by virtue of being named beneficiaries in the legal document the attorney is retained to create. Conversely, in this case, Gamboa could not be construed to be either a direct or an indirect beneficiary of Shaw's representation of HAI. In fact, Shaw was representing HAI in a suit brought by Gamboa. In such a circumstance, Shaw's zealous representation of HAI could not have benefitted Gamboa. If Gamboa was in fact a shareholder in HAI, he was a beneficiary of the corporation, but not of Shaw's *representation* of the corpora-

tion. Such a tenuous relationship to the attorney's representation of the client does not warrant a deviation from the long-standing privity requirement.

Such a deviation would result in attorneys owing a duty to each shareholder of any corporation they represent. With no privity requirement, corporate attorneys would be subject to almost unlimited liability, as the shareholders of any given corporation can number in the hundreds of thousands. Even more bothersome is the fact that attorneys representing corporations would owe a duty to both sides of the litigation in any type of derivative suit brought against the corporation by a shareholder. The attorney would then be placed in the impossible situation of zealously representing two opposing sides in a lawsuit. This situation would place an unacceptable burden on the legal profession and would result in a degeneration in the quality of legal services received by corporate clients. We believe that the far-reaching implications of a deviation from the privity requirement are better left for resolution by the Texas Supreme Court or the Texas Legislature. *See Thomas,* 847 S.W.2d at 305. Therefore, we overrule Gamboa's first point of error.

### C. Civil Conspiracy

In his second point of error, Gamboa contends that the trial court erred in finding that his civil conspiracy cause of action was barred by the statute of limitation. In Shaw's motion for summary judgment on Gamboa's civil conspiracy cause of action, Shaw asserted that he was entitled to summary judgment for two reasons. He claimed, first, that the civil conspiracy cause of action was barred by the statute of limitations, and he also claimed that Gamboa had no standing to make such civil conspiracy allegations because the cause of action, if any, belonged to HAI and not to Gamboa. In its order granting summary judgment on Gamboa's civil conspiracy claim, the trial court did not specify the grounds on which the summary judgment was granted.

■ A summary judgment must stand where it may have been based on a ground not specifically challenged and where there

was no general point of error claiming that the trial court erred in granting summary judgment. *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970); *see Fetty v. Miller*, 905 S.W.2d 296, 299 (Tex.App.—San Antonio 1995, writ denied) (citing *Malooly* in stating that "a party seeking to overturn a summary judgment based on several grounds must assign error to each ground or the summary judgment will stand on any omitted ground"); *Reese v. Beaumont Bank, N.A.*, 790 S.W.2d 801, 804 (Tex.App.—Beaumont 1990, no writ) (noting cases following *Malooly* and asserting "where the appellant from a summary judgment does not specifically attack every possible basis, whether proper or improper, stated in the motion for summary judgment by specific points of error and also fails to include a general *Malooly* point of error, the summary judgment must be affirmed if there is another possible ground upon which the trial court could have based the judgment").

Although Shaw presented the trial court with two distinct grounds for granting summary judgment on Gamboa's civil conspiracy allegations and the trial court did not specify its rationale in rendering summary judgment, Gamboa has limited his attack on the granting of summary judgment to Shaw's statute of limitations defense. Gamboa has not rebutted by specific point of error Shaw's standing defense, nor has he presented a broad point of error attacking the granting of summary judgment in general. Therefore, the summary judgment as to Gamboa's civil conspiracy allegations must be affirmed.

Although it is unnecessary to discuss the merits of Shaw's unattacked standing defense, Shaw is correct in his assertion that Gamboa does not have standing to seek a private recovery for damages he allegedly suffered as a shareholder of HAI. Gamboa claims that Shaw engaged in a civil conspiracy resulting in the denuding of HAI, the wasting away of HAI assets, and the transfer of HAI assets to insiders without adequate consideration. The cause of action against one who has injured the corporation belongs to the corporation and not to the shareholders. *Hajdik v. Wingate*, 753 S.W.2d 199, 201 (Tex.App.—Houston [1st Dist.] 1988), *aff'd*,

795 S.W.2d 717 (Tex.1990). This is true even where the wrong has depreciated the value of the shareholder's investment in the corporation or otherwise harmed the shareholder. *Eye Site, Inc. v. Blackburn*, 796 S.W.2d 160, 161 (Tex.1990) (citing *Wingate v. Hajdik*, 795 S.W.2d 717 (Tex.1990)). Accordingly, Gamboa has no standing to maintain a civil conspiracy claim against Shaw for any harm to HAI resulting from Shaw's actions in representing both HAI and Kenneth Saks in the first lawsuit. Summary judgment was appropriate as to Gamboa's civil conspiracy claim. Accordingly, we overrule Gamboa's second point of error.

The judgment of the trial court is affirmed.