Marcella T. ALBERS; et al.,
Plaintiffs—Appellants,

v.

GUTHY–RENKER CORPORATION,
a California corporation; et al.,
Defendants—Appellees.

No. 02–56673.

D.C. No. CV–99–03573–GAF.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 7, 2004.*

Decided March 17, 2004.

---

**498**

Timothy D. Naegele, Esq., Timothy D. Naegele & Associates, Washington, DC, for Plaintiffs–Appellants.

Robert G. Badal, Esq., Heller, Ehrman, White and McAuliffe LLP, Los Angeles, CA, Michael J. Malecki, Dallas, TX, for Defendants–Appellees.

Lance D. Brooks, McKinney, TX, pro se.

Before TROTT, RAWLINSON, and BEA, Circuit Judges.

## MEMORANDUM **

Appellants Marcella T. Albers and her son, Raymond Albers, Jr., appeal the dismissal of their action against the Guthy–Renker Corporation, Guthy–Renker Internet, LLC, Bill Guthy, and Greg Renker. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Appellants' direct theory of shareholder recovery fails because their claims are based on representations made by Guthy–Renker—representations which allegedly caused Ad Choice to lose money. However, under Texas law, shareholders in a corporate entity have no standing to sue for injuries suffered by that entity.[1] *Faour v. Faour*, 789 S.W.2d 620, 622 (Tex. App.1990) ("A corporate shareholder has no individual cause of action for personal damages caused solely by wrong done to the corporation.") (citations omitted); *see also Gamboa v. Shaw*, 956 S.W.2d 662, 666 (Tex.App.1997) ("The cause of action against one who has injured the corporation belongs to the corporation and not to the shareholders. This is true even where the wrong has depreciated the value of the shareholder's investment in the corporation or otherwise harmed the shareholder.") (citations omitted).

That Ad Choice is a limited liability company (and the Advertising Cooperative a de facto limited partnership) rather than a corporation, does not change this result. *See, e.g., 7547 Corp. v. Parker & Parsley Development Partners, L.P.*, 38 F.3d 211, 221–222 (5th Cir.1994) (applying Texas'

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Whether an action is "direct" or "derivative" is determined by the law of the state of incorporation. *See Lapidus v. Hecht*, 232 F.3d 679, 682 (9th Cir.2000). Because Ad Choice was formed in Texas, we look to Texas law to determine whether Appellants' claims are actually derivative in nature.

general rule to a limited partnership). Indeed, neither members of a limited liability company nor partners in a limited partnership have an interest in specific company property. *See* Tex.Rev.Civ. St. art. 1528n, § 4.04 (limited liability company); Tex. Rev.Civ. St. art. 6132a–1, § 7.01 (limited partnership). And because members of Ad Choice (or partners in the Advertising Cooperative) hold no direct ownership interest in the company's assets, the members cannot be directly injured when the company is improperly deprived of those assets. Thus, in order for Appellants to bring a claim based on injuries allegedly suffered by Ad Choice, the suit must be brought derivatively. *See Faour*, 789 S.W.2d at 622. Consequently, the district court did not err when it dismissed claims Appellants brought in their individual capacities.

Appellants' derivative theory of recovery fails as well. Appellants brought derivative claims ostensibly on behalf of Ad Choice, based on their status as members of Ad Choice. "The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held[.]" Fed.R.Civ.P. 17(b). Because Ad Choice is a limited liability company rather than a corporation, we look to the law of the state in which the district court is located—in this case, California—to determine whether Ad Choice has the capacity to sue. *See id.*

■ Under California law, Ad Choice is defined as a foreign limited liability company. *See* Cal. Corp.Code § 17001(q)(1). However, "a foreign limited liability com-

pany transacting intrastate business in [California] shall not maintain any action, suit, or proceeding ... until it has registered in this state." Cal. Corp.Code § 17456(a). Although Appellants' Second Amended Complaint alleges that Ad Choice conducted intrastate business in California, it does not allege that Ad Choice ever registered with the state. Thus, pursuant to Cal. Corp.Code § 17456(a), Ad Choice cannot maintain an action. The same holds true for the Advertising Cooperative. *See* Cal. Corp.Code § 15697(a).

Fed.R.Civ.P. 17(b)(1) does allow an "unincorporated association" to sue in federal court, regardless of its capacity to sue in the forum state, if the association is suing to enforce a federal right. Despite this rule, Appellants' RICO claims cannot be saved. A shareholder seeking to vindicate the interests of a corporation through a derivative suit must first demand action from the corporation's directors *or* plead with particularity the reasons why such a demand would have been futile. Fed. R.Civ.P. 23.1. We look to the law of the state in which the business was formed when determining whether Rule 23.1's futility exception is actually available to a shareholder. *See In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 989–990 (9th Cir.1999).

■ Ad Choice was formed in Texas and, under Texas law, a derivative action cannot be filed until "a written demand is filed with the corporation setting forth with particularity the act, omission, or other matter that is the subject of the claim or challenge and requesting that the corporation take suitable action[.]" Tex. Bus. Corp. Act art. 5.14(C)(1).[2] Because Appel-

---

**2.** That Ad Choice is a limited liability company rather than a corporation, does not change this result. The demand requirement set out

in Tex. Bus. Corp. Act art. 5.14(C)(1) applies to limited liability companies as well as to

lants admittedly did not satisfy this requirement, their derivative claims, whether based on state or federal law, must fail. *See Equitec–Cole Roesler LLC v. McClanahan,* 251 F.Supp.2d 1347, 1351 (S.D.Tex. 2003) (holding that "the demand requirement in Texas is absolute.") (citation omitted).

■ Appellants' class action claims are similarly untenable. They brought class action claims against the Guthy–Renker Defendants on behalf of all persons who attended seminars hosted by the defendants and who purchased or acquired "Page Shares" (or Web pages), as well as those who "indirectly" purchased or acquired shares. However, Appellants neither attended nor purchased a Page Share at such a seminar. Consequently, they cannot represent the class of individuals who did. *See, e.g., Lewis v. Casey,* 518 U.S. 343, 357, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (holding that "plaintiffs who represent a class must allege . . . that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and purport to represent") (citation and internal quotation marks omitted).[3]

Although Appellants' agency theory is potentially viable, *see, e.g., Kaplan v. Coldwell Banker Residential Affiliates, Inc.,* 59 Cal.App.4th 741, 747–748, 69 Cal.Rptr.2d 640 (1997), their claims are still grounded in an untenable individual or derivative shareholder claim, and cannot succeed.

corporations. *See* Tex.Rev.Civ. St. art. 1528n, § 8.12.

3. Portraying the class action as derivative in nature does not aid Appellants. Any claim brought under a derivative theory would be unsuccessful given Ad Choice's failure to register in California and Appellants' failure to demand that Ad Choice's directors take action on behalf of the company.

4. Although the Second Amended Complaint named Ad Choice's directors as defendants

Appellants' Second Amended Complaint cannot be saved by amendment. Indeed, in their Opening Brief, Appellants failed to identify how they could cure any of the complaint's defects. Consequently, the district court did not abuse its discretion in denying leave to amend. *See Broudo v. Dura Pharms., Inc.,* 339 F.3d 933, 941 (9th Cir.2003). The court's dismissal of Appellants' action is therefore AFFIRMED.[4]

despite their bankruptcy status, the district court correctly noted that the directors were protected by the automatic stays imposed by 11 U.S.C. § 362(a)(1). Thus, we presume for purposes of this disposition that the court's dismissal was not intended to affect either defendant. Consequently, we need not, and do not, reach Appellants' argument that the court's dismissal violated the automatic stays and should be vacated.