Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## MEMORANDUM OPINION

No. 04-10-00659-CV

Dorothea **LEVINE**, Individually and
As Personal Representative of the Estate of Sol Levine, Deceased,
Appellant

v.

**EL PASO PRODUCTION OIL & GAS COMPANY**,
El Paso Production Oil & Gas USA, L.P., and ConocoPhillips,
Appellees

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 5,357
Honorable Jose A. Lopez, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  May 25, 2011

**AFFIRMED**

This is an appeal from the trial court's order denying appellants' motion for partial summary judgment and granting appellees' motion for summary judgment. We affirm.

### BACKGROUND

In mid-1970, Colorado Oil and Gas Corp. ("Colorado"), Flying Diamond Oil Corp. ("FDOC"), Gifford E. Joseph, and W.C. DeArman decided to explore for oil and gas in Zapata

County, Texas. Consequently, Colorado executed an oil and gas lease ("the Dye lease") with James D. Dye on 850.72 acres located in Zapata County. Colorado conveyed twenty-five percent of its interest in the Dye lease to FDOC, and twelve and one-half percent of its interest in the Dye lease each to Joseph and DeArman. Pursuant to a joint venture agreement, Colorado, FDOC, Joseph, and DeArman were required to contribute their interest in the Dye lease to the joint venture in exchange for a corresponding interest in the joint venture. However, it is undisputed that no writing evidences FDOC's conveyance of its interest in the Dye lease to the joint venture. The joint venture agreement stated that the parties believed certain land subject to the agreement was "prospective for oil and/or gas and that an exploratory well should be drilled thereon to evaluate the possibility of producing oil and/or gas therefrom in commercial quantities, *which prospective area shall be hereinafter referred to as "'The Prospect[.]'"* [Emphasis added.]

According to the Levines, because FDOC needed capital for its contribution to the expenses of the joint venture, FDOC formed a limited partnership, known as the Flying Diamond Oil Corporation – 1975 Western Drilling Program ("FDLP"), with FDOC as general partner. FDOC executed an assignment to FDLP of various "rights and interest[s] earned or to be earned" in, among other "rights and interests," the following:

> Dye-Laredo Prospect
> Zapata County, Texas
>
> By virtue of that certain Joint Venture Agreement . . . between [Colorado, FDOC, Joseph, and DeArman], for the drilling of a well to an approximate depth of 8500´, Wilcox test, [FDOC] earns 50% working interest before payout and 25% working interest thereafter in an 850.72 acre, more or less, lease situated in the La Perla Subdivision of the Jose Vasquez Borrego Grant, Abstract No. 209, Zapata County, Texas.

The record does not contain a signed copy of the limited partnership agreement or indicate FDOC's conveyance to FDLP was recorded. FDLP had several limited partners, including Sol Levine, all of whom contributed various amounts of cash in return for "profits" from wells "on each of the prospects owned by" FDLP. The Levines point to a certificate of limited partnership as proof of the existence of the partnership. The certificate specifically provides as follows: "A Limited Partner shall not have the right to demand and receive property other than cash in return for his contribution."

In 1982, FDOC executed an "Assignment of Mineral Lease" in which it assigned its "right, title, and interest" in the Dye lease to Bow Valley Petroleum, Inc. ("Bow Valley"). In 1986, Bow Valley, acting as successor-in-interest to FDOC and as the general partner of FDLP, executed and recorded an "Agreement, Assignment, and Dissolution" (the "Dissolution Instrument"). The Dissolution Instrument terminated and dissolved FDLP and provided for distribution of assets to the general partner and the limited partners. Pursuant to this instrument, Sol and Dorothea Levine received working interests in four wells on the Dye lease,[1] in addition to wells located on other leases. Over the years, through a series of name changes, mergers, and assignments, Bow Valley's interest in the Dye lease was ultimately conveyed into Coastal Oil & Gas Corp. Coastal Oil & Gas Corp. later conveyed its interest to ConocoPhilips.

The Levines later sued El Paso Production Oil & Gas Co. (f/k/a Coastal Oil & Gas Corp.), El Paso Production Oil & Gas USA, L.P. (f/k/a Coastal Oil & Gas USA, L.P.), and ConocoPhillips (collectively, "the defendants"). In their second amended petition, the Levines (1) requested a declaratory judgment on their rights, status, and interest in the Dye lease; (2) asserted a trespass to try title claim against ConocoPhillips as the party in possession of the mineral interest at issue in the suit; (3) requested an accounting and audit; (4) asserted a cause of

---

[1] These four wells are not at issue in this appeal.

action under the Texas Natural Resources Code for nonpayment of proceeds regarding wells producing on the Dye lease; (5) asserted a breach of contract claim against all defendants; and (6) asserted a conversion claim against all defendants. All of the Levines' claims are premised on their argument that they are entitled to twenty-five percent of the oil, gas, and other minerals produced under the Dye lease, together with all revenue and proceeds attributable to the sales of that production, from the date of the alleged wrongful possession commencing on June 12, 1996 (the date of the purported assignment to Coastal Oil & Gas Corp.).

The Levines filed a motion for partial summary judgment on the issue of liability only in which they asked the trial court to construe various documents and then judicially declare the extent and size of their mineral interests. All of the defendants jointly responded to the Levines' motion for a partial summary judgment, and jointly filed a separate cross-motion for a traditional and no-evidence summary judgment. While these motions were pending, the defendants jointly filed a first amended motion for a traditional and no-evidence summary judgment, in which they incorporated all arguments made in their original cross-motion and in their response to the Levines' motion for summary judgment. The trial court signed an order denying the Levines' motion for a partial summary judgment, granting the defendants' first amended motion for a traditional and no-evidence summary judgment, and rendering a take-nothing judgment against the Levines. The trial court did not state its basis for granting the defendants' motion. This appeal by the Levines ensued, in which the Levines raise one procedural challenge and four substantive challenges to the summary judgment in favor of the defendants.

## SPECIAL EXCEPTIONS

After the defendants filed their first amended motion for a traditional and no-evidence summary judgment, the Levines filed special exceptions arguing the motion was "not

categorically premised on either no evidence or traditional grounds," the defendants did not identify the elements of the Levines' causes of action for which there was no evidence, and the defendants did not state on which affirmative defenses they sought a traditional summary judgment. The Levines also excepted to the defendants' request to incorporate all the grounds contained in their original motion for summary judgment and their response to the Levines' motion for partial summary judgment into their amended motion. On appeal, the Levines contend this court should reverse the trial court's order denying their special exceptions and require the defendants to clearly explain their entitlement to summary judgment on either traditional or no-evidence grounds.

Texas Rule of Civil Procedure 166a does not prohibit a party from combining in a single motion a request for traditional summary judgment with a request for a no-evidence summary judgment. *Binur v. Jacobo*, 135 S.W.3d 646, 650 (Tex. 2004). Here, the defendants' request for a no-evidence summary judgment is contained in a section separate from the defendants' arguments in favor of their request for a traditional summary judgment. Therefore, their first amended motion for a traditional and no-evidence summary judgment motion was not improper. However, Rule 166a requires a party moving for a no-evidence summary judgment to state the essential elements of a claim or defense on which an adverse party would have the burden of proof at trial as to which there is no evidence. TEX. R. CIV. P. 166a(i). We agree with the Levines that the defendants' no-evidence motion failed to state the specific elements of the Levines' causes of action as to which there is no evidence. Consequently, the no-evidence motion was not sufficiently specific to meet the requirements of Rule 166a(i). Therefore, the following discussion focuses on only whether the traditional motion for summary judgment was

properly granted in favor of the defendants and whether the trial court properly denied the Levines' motion for partial summary judgment.[2]

## DEFENDANTS' TRADITIONAL MOTION FOR SUMMARY JUDGMENT AND THE LEVINES' MOTION FOR PARTIAL SUMMARY JUDGMENT

In their motion for a partial summary judgment, the Levines asserted, among other grounds, that (1) the joint venture agreement established FDOC's mineral interest, (2) the limited partnership agreement established the mineral ownership of both themselves and FDLP, and (3) the Dissolution Instrument proved that FDLP and its limited partners continue to own undistributed mineral interests in the Dye Lease. In their amended motion for a traditional summary judgment, the defendants argued that the summary judgment evidence established an unbroken chain of title to the twenty-five percent undivided interest in the Dye lease conveyed by Colorado Oil & Gas Corp. (the original lessee) to FDOC, and this chain of title continued, unbroken, through to the conveyance into ConocoPhillips. The defendants also argued that, in this chain of title, there is no conveyance of any undivided interest in the Dye lease to FDLP or the Levines, and both of these missing conveyances were essential elements in order for the Levines to prove their claimed title to an interest in the entire Dye lease.

On appeal, the Levines do not raise a broad *Malooly* challenge that the trial court erred in granting the defendants' motion for summary judgment. *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970) (holding that a general issue on appeal that the "trial court erred in granting the motion for summary judgment" allows the nonmovant to dispute on appeal all possible grounds upon which summary judgment should have been denied). Instead, in addition

---

[2] Our discussion of the Levines' challenge to the traditional summary judgment focuses only on those grounds specifically stated in the defendants' amended motion. Our disposition of these challenges does not require us to review the Levines' complaint regarding the defendants' request to incorporate all the grounds contained in their original motion for summary judgment and their response to the Levines' motion for partial summary judgment into their amended motion.

to the procedural challenge discussed above, the Levines challenged the summary judgment on four specific substantive grounds: (1) the trial court erred by granting the defendants' motion based on El Paso's status as a bona fide purchaser for value; (2) the trial court ignored the Dissolution Instrument, which was in the defendants' chain of title and, thus, gave notice of the Levines' competing title claim; (3) a title opinion prepared for Coastal raised a fact issue on the defendants' actual knowledge of the Levines' claim; and (4) a 1982 Stipulation of Settlement and General Release did not foreclose the underlying litigation arising under the Dissolution Instrument. However, these challenges do not address all possible grounds upon which the defendants moved for a traditional summary judgment.

When the nonmovant fails to raise on appeal a general *Malooly* point of error contending the trial court erred in granting summary judgment and also fails to specifically challenge every ground raised in the motion for summary judgment, the summary judgment must be affirmed. *Gamboa v. Shaw*, 956 S.W.2d 662, 665-66 (Tex. App.—San Antonio 1997, no pet.) (citing *Malooly Bros.*, 461 S.W.2d at 121). Here, the Levines did not challenge all of the grounds on which the defendants sought a traditional summary judgment. For example, the defendants alleged, and the Levines do not challenge on appeal, that all the documents on which the Levines base their claim of interest in the Dye lease do not convey any interest in the Dye lease for the following reasons: (1) the purported FDLP limited partnership agreement is not signed, (2) none of the instruments contain any words of present conveyance purporting to convey an interest in the Dye lease to either FDLP or the Levines, (3) none of the instruments contain a legally sufficient description of the Dye lease, and (4) no oral or written conveyance of an interest in the entire Dye lease is valid under the Statute of Conveyances. The defendants also alleged, and the Levines do not challenge on appeal, that any claim for cancellation or reformation of an

instrument and any claim for reexamination of the accounts or distribution of FDLP is barred by a four-year statute of limitations.

## CONCLUSION

Because the trial court could have rendered summary judgment in favor of the defendants on these, and other, unchallenged grounds, we do not review the merits of the Levines' challenged grounds and we affirm the take-nothing summary judgment in favor of the defendants. Also, because these unchallenged grounds would defeat the Levines' claims, we affirm the trial court's denial of the Levines' motion for partial summary judgment.

Sandee Bryan Marion, Justice