# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00517-CV

**James Andy Fry, Appellant**

**v.**

**Michael John Lucksinger and J. Allan Garrett, Appellees**

## FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
## NO. 45181C, HONORABLE MICKEY RAY PENNINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

James Andy Fry appeals the trial court's dismissal of his contribution and declaratory-judgment claims against Appellees Michael John Lucksinger and J. Allan Garrett pursuant to their Rule 91a motions to dismiss. *See* Tex. R. Civ. P. 91a.1 (authorizing party to "move to dismiss a cause of action on the grounds that it has no basis in law or fact"). We will affirm the trial court's dismissal orders.

## BACKGROUND

Fry was sued by his three brothers for alleged misconduct, including fraud and breach of fiduciary duty in his capacity as an officer and director of a closely held corporation and trustee of a family trust. Fry answered the lawsuit, counterclaimed, and brought a third-party action against Appellees—Lucksinger, an attorney who allegedly advised Fry with respect to his alleged misconduct, and Garrett, a former partner at Lucksinger's law firm. Specifically, Fry sued Appellees

for a declaratory judgment that he acted in reliance on their advice in performing the acts for which he was sued and for contribution and indemnity in the event that he was found liable to his brothers in the underlying action. Appellees filed Rule 91a motions to dismiss, which the trial court granted. The trial court later severed Fry's claims against Appellees. Fry appeals the trial court's dismissal of his claims against Appellees.

## STANDARD OF REVIEW

We review a trial court's dismissal of a suit under Rule 91a de novo. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016). The availability of a remedy under the facts alleged is a question of law, and Rule 91a's "factual-plausibility standard" is akin to a legal-sufficiency review. *Id.* We must affirm the trial court's dismissal if we conclude that the dismissed action has no basis in law or fact. Tex. R. Civ. P. 91a; *Sanchez*, 494 S.W.3d at 724. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them do not entitle the claimant to the relief sought. Tex. R. Civ. P. 91a.1. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded. *Id.* The determination of whether a declaratory judgment is proper is a question of law. *Paulsen v. Texas Equal Access to Justice Found.*, 23 S.W.3d 42, 44 (Tex. App.—Austin 1999, pet. denied).

## DISCUSSION

In his first issue, Fry complains that the trial court erred in dismissing his claim against Appellees for contribution because he "need not wait until the conclusion of the litigation against him [to] sue [his] lawyer[s] for contribution as [] responsible third part[ies]." Longstanding

2

Texas law is to the contrary. A contribution claim is derivative of the plaintiff's right to recover from a party against whom contribution is sought. *Shoemake v. Fogel*, 826 S.W.2d 933, 938 (Tex. 1992); *Varela v. American Petrofina Co. of Tex.*, 658 S.W.2d 561, 562 (Tex. 1983). Thus, when a plaintiff has no cause of action against a party, the defendant has no right of contribution against that party. *Shoemake*, 826 S.W.2d at 938. Therefore, whether Fry has a right of contribution against Appellees depends upon whether his brothers could recover damages from Appellees. *See id.* at 935; *CBI NA-CON, Inc. v. UOP, Inc.*, 961 S.W.2d 336, 339 (Tex. App.—Houston [1st Dist.] 1997, pet. denied) ("Contribution is allowed in Texas only among joint tortfeasors."); *see also* Tex. Civ. Prac. & Rem. Code §§ 33.015(a) ("If a defendant who is jointly and severally liable . . . pays a percentage of the damages for which the defendant is jointly and severally liable greater than his percentage of responsibility, that defendant has a right of contribution for the overpayment against each other liable defendant . . . ."), .016(b) ("Each liable defendant is entitled to contribution from each person . . . who is liable to the claimant for a percentage of responsibility but from whom the claimant seeks no relief at the time of submission.").

Fry's brothers—whom Fry has not alleged were clients of Appellees—have not asserted any claims against Appellees for alleged malpractice with respect to their representation of Fry, nor could they. *See Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 482–83 (Tex. 2015) (holding that attorneys are immune from civil liability to non-clients for conduct within scope of representation); *Gamboa v. Shaw*, 956 S.W.2d 662, 664–65 (Tex. App.—San Antonio 1997, no pet.) ("It is well-established that Texas does not recognize a cause of action for legal malpractice asserted by a party not in privity with the offending attorney."). Fry has not pleaded any facts alleging that

3

Appellees performed any legal services for his brothers that would create any concomitant duties owed to his brothers or that Appellees committed any actionable conduct other than allegedly advising him negligently. Accordingly, Fry has no viable contribution claim against Appellees, and the trial court properly dismissed the claim.

In his second issue, Fry contends that the trial court erred in dismissing his claim against Appellees for declaratory judgment in which he sought a "declaration that [Fry] acted upon the advice of [Appellee] Lucksinger." However, Fry's attempt to use the Uniform Declaratory Judgments Act (UDJA) under these circumstances exceeds the Act's scope. *See* Tex. Civ. Prac. & Rem. Code § 37.004(a) ("A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.").

Fry's pleadings do not ask the trial court to construe or determine the validity of any instrument, statute, ordinance, contract or franchise or to declare any rights, status, or other legal relations thereunder. Therefore, the UDJA is simply inapplicable to Fry's claim against Appellees. Moreover, Texas courts have determined that a defendant may not use a declaratory-judgment action to determine potential tort liability, which is what Fry's pleadings indirectly seek by requesting a declaration that he relied on Lucksinger's advice when carrying out the complained-of conduct for which his brothers have sued him. *See Stein v. First Nat'l Bank of Bastrop*, 950 S.W.2d 172, 174 (Tex. App.—Austin 1997, no writ) ("In general, a potential defendant may not use a declaratory

4

judgment to determine potential tort liability.") (citing *Abor v. Black*, 695 S.W.2d 564, 566–67 (Tex. 1985), *abrogated on other grounds by In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287 (Tex. 2016)). We overrule Fry's second issue and hold that the trial court properly dismissed his claim for declaratory judgment.

In his third issue, Fry contends that the trial court's award of attorney's fees was not supported by competent evidence because the clerk's record does not contain the affidavits submitted by Appellees in support of their request for attorney's fees. *See* Tex. R. Civ. P. 91a.7 (providing that prevailing party on Rule 91a motion is entitled to award of attorney's fees and costs incurred with respect to challenged cause of action). However, Appellees requested that the clerk's record be supplemented with said affidavits, and a supplemental record has been filed with this Court containing said affidavits. Accordingly, we overrule Fry's third issue because the affidavits in the supplemental clerk's record constitute competent evidence of Appellees' reasonable and necessary attorney's fees, and the trial court did not err in making the award.

## CONCLUSION

We affirm the trial court's dismissal orders.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed: August 23, 2018

5