Julia A. BERRY, et al., Appellants,

v.

DODSON, NUNLEY & TAYLOR, P.C.,
et al., Appellees.

No. 04-85-00561-CV.

Court of Appeals of Texas,
San Antonio.

Sept. 10, 1986.

Rehearing Denied Oct. 2, 1986.

Robert Scott, Tinsman & Houser, San Antonio, for appellants.

George H. Spencer, San Antonio, for appellees.

Before ESQUIVEL, TIJERINA and DIAL, JJ.

## OPINION

DIAL, Justice.

This appeal from a summary judgment presents a question of first impression in Texas: whether the privity requirement precludes a negligence action brought by the intended beneficiaries of a decedent's estate against the attorneys who failed to prepare a new will in accordance with the decedent's instructions prior to his death.

We hold that it does and affirm the summary judgment.

The appellants, who were plaintiffs below, are Julia Berry, decedent's wife, and her two minor children by a prior marriage. Appellees are attorney J. Ken Nunley and his law firm, Dodson, Nunley & Taylor, P.C. Nunley was employed to write a new will for decedent, Henry Berry, while he was hospitalized with terminal cancer. Decedent, the father of three children of a prior marriage, had previously executed a will in 1977. This will named appellant Berry and decedent's children as the sole beneficiaries of his estate. It made no provisions for appellant Berry's children. Decedent, however, wanted to provide for his wife's children in the new will on an equal basis with his own. He also wanted to change the trustees of the trust to be set up for the benefit of the children, and he wanted his wife to have his business interests in Uvalde.

Decedent died approximately 60 days after his initial consultation in the hospital with Nunley. During this time period Nunley prepared a draft of a new will, but it was not executed prior to the death of the decedent. Instead, decedent's 1977 will was probated, and disposition has occurred in accordance with its terms.

Appellees' motion for summary judgment was premised solely on lack of privity, and therefore on the lack of a duty owed to appellants. Appellants responded that both privity and a duty did in fact exist. The trial court agreed with appellees and signed a judgment that appellants take nothing.

Taking as true the evidence favorable to appellants and indulging every reasonable inference in their favor, *Wilcox v. St. Mary's University of San Antonio, Inc.*, 531 S.W.2d 589, 593 (Tex.1975), we do not find that there exists a genuine issue of fact regarding the existence of privity between appellants and appellees.

Appellants point to passages in Julia Berry's deposition which they say indicate that an attorney-client relationship ex-

isted between her and Nunley or between her family and Nunley. Appellant Berry's testimony indicated that decedent asked appellant Berry to call Nunley to get him to come to the hospital so decedent could talk to him about the new will. Later, when decedent entered the intensive care unit, he again asked appellant to call Nunley and tell him to get something to the hospital for decedent to sign. Appellants also argue in their brief that Nunley gave appellant Berry legal advice. When she called Nunley the second time he told her he would get something to the hospital for decedent's signature, but if he did not, he had his conversation with decedent recorded on tape and that it was legal and binding.

The only reasonable inference that can be drawn from this testimony is that the only attorney-client relationship that existed was between Nunley and decedent. While appellant Berry assisted her husband in communicating with Nunley, her testimony does not establish a fact issue as to the existence of an attorney-client relationship between her or her family and Nunley.

Having failed to find privity existed between appellants and appellees, we are left with the issue of whether appellees owed a duty to appellants in the absence of privity. No Texas court has decided the issue in an intended beneficiary situation.

It has long been the majority view in this country that an attorney will not have to answer for his negligence to a party not in privity of contract with him in the absence of fraud or collusion. In *National Savings Bank v. Ward*, 10 Otto 195, 100 U.S. 195, 25 L.Ed. 621 (1879), it was held that an attorney who negligently prepared a title opinion would not be liable to a non-client who suffered a financial loss when it relied on the title opinion.

> Where there is fraud or collusion, the party will be held liable, even though there is no privity of contract; but where there is neither fraud nor collusion nor privity of contract, the party will not be held liable, unless the act is one imminently dangerous to the lives of others,

or is an act performed in pursuance of some legal duty.

*Id.* 100 U.S. at 205–06. The rule in *National Savings Bank v. Ward* is still the apparent majority rule in the United States. *See* Annot., 45 A.L.R.3d 1181, 1185 (1972); Comment, *Lawyers' Negligence Liability to Non-Clients: A Texas Viewpoint*, 14 ST. MARY'S L.J. 405, 409 (1983).

▪ Texas holds to the majority view that persons outside the attorney-client relationship have no cause of action for injuries they might sustain due to the attorney's failure to perform a duty owed to his client. *First Municipal Leasing Corp. v. Blankenship, Potts, Aikman, Hagin & Stewart*, 648 S.W.2d 410, 413 (Tex.App.— Dallas 1983, writ ref'd n.r.e.); *Bell v. Manning*, 613 S.W.2d 335, 339 (Tex.Civ.App.— Tyler 1981, writ ref'd n.r.e.); *Bryan & Amidei v. Law*, 435 S.W.2d 587, 593 (Tex. Civ.App.—Fort Worth 1968, no writ); *Traders & General Insurance Co. v. Keith*, 107 S.W.2d 710, 713 (Tex.Civ.App.— Amarillo 1937, writ dism'd).

▪ There is a trend to the contrary in other jurisdictions. Particularly when the plaintiffs are the intended beneficiaries of negligently drafted or executed wills, courts in several states, most notably California, have begun to hold the attorney liable to the injured party despite the absence of privity. In *Biakanja v. Irving*, 49 Cal.2d 647, 320 P.2d 16, 19 (1958), it was held that a notary public who, although not authorized to practice law, prepared a will but negligently failed to direct attestation was liable in tort to an intended beneficiary who was damaged because of the invalidity of the instrument. *See* Annot., 65 A.L. R.2d 1363 (1959). In *Lucas v. Hamm*, 56 Cal.2d 583, 15 Cal.Rptr. 821, 364 P.2d 685, 688 (1961), *cert. denied*, 368 U.S. 987, 82 S.Ct. 603, 7 L.Ed.2d 525 (1962), it was held that an attorney who erred in drafting a will could be held liable to a person named in the instrument who was deprived of benefits as a result of the mistake under either a tort or third-party beneficiary theory. *Lucas* was reaffirmed by the California Supreme Court in *Heyer v. Flaig*, 70

Cal.2d 223, 74 Cal.Rptr. 225, 449 P.2d 161 (1969). Several courts in other states have followed California's lead in cases involving the intended beneficiaries of wills. *Stowe v. Smith,* 184 Conn. 194, 441 A.2d 81, 83 (1981); *Needham v. Hamilton,* 459 A.2d 1060, 1062 (D.C.1983); *McAbee v. Edwards,* 340 So.2d 1167, 1170 (Fla.Dist.Ct.App.1976); *Ogle v. Fuiten,* 102 Ill.2d 356, 80 Ill.Dec. 772, 775, 466 N.E.2d 224, 227 (1984); *Succession of Killingsworth* 292 So.2d 536, 542 (La.1973); *Jaramillo v. Hood,* 93 N.M. 433, 601 P.2d 66, 67 (1979) (duty to intended beneficiary implicitly recognized); *Auric v. Continental Casualty Co.,* 111 Wisc.2d 507, 331 N.W.2d 325, 329 (1983). Pennsylvania has adopted a more restrictive third-party beneficiary theory based upon RESTATEMENT (SECOND) OF CONTRACTS § 302 (1979). *Guy v. Liederbach,* 501 Pa. 47, 459 A.2d 744, 751 (1983).

Reversal of the trial court's judgment, however, would signify a clear break with the Texas privity rule. We decline to do so and instead follow the Texas decisions holding an attorney owes no duty to a third party in the absence of privity of contract. Therefore, we affirm the judgment of the trial court.