**Pauline THOMAS, Appellant,**

v.

**Will PRYOR, Appellee.**

**No. 05–92–01054–CV.**

Court of Appeals of Texas,
Dallas.

Dec. 18, 1992.

Rehearing Denied Jan. 27, 1993.

Cecil M. Arnold, Jr., Dallas, for appellant.

Allen Butler, Jerry D. Mason, Dallas, for appellee.

Before STEWART, OVARD and WIGGINS, JJ.

OPINION

OVARD, Justice.

In this legal malpractice case, the trial court granted summary judgment in favor of the defendant, attorney Will Pryor. In four points of error, plaintiff Pauline Thomas appeals. The pivotal issue is whether we accept Thomas's invitation to change existing Texas law prohibiting a beneficiary named in a will from bringing a suit for professional malpractice against an attorney who prepared the will. We decline the invitation and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Attorney Will Pryor, through a pro bono legal aid program, prepared a will for Edna Bush. The will named "my friend" Pauline

Thomas as beneficiary of the residue of Bush's estate following some specific bequests to other individuals. Thomas sued Pryor after the will was not admitted for probate. She alleged that he was negligent in failing to have the will signed by witnesses and that his negligence caused her to lose her inheritance. Pryor moved for summary judgment on the basis that he had no attorney-client relationship with Thomas, and therefore he owed no duty of care to her in this case. He argued that absent that duty, Thomas failed to establish an essential element of her negligence claim against him. The trial court granted him summary judgment.

## THE ISSUE

Although Thomas concedes that presently the law within the State of Texas prohibits her suit against Pryor, she contends that this Court should change that law. In four points of error, she argues that if an attorney negligently prepares a will, notwithstanding lack of privity of contract between the attorney and the beneficiary, the attorney should become liable to a named beneficiary under a tort or third party beneficiary theory. She maintains that public policy intended testamentary beneficiaries to recover as third party beneficiaries under these circumstances, and therefore an attorney who negligently fails to fulfill a client's testamentary directions is liable in tort for violating a duty of care owed to an intended beneficiary.

## APPLICABLE LAW

### Summary Judgment

Summary judgment may be rendered only if the pleadings, depositions, admissions, and affidavits show that (1) there is no genuine issue as to any material fact and (2) the moving party is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c); *Rodriguez v. Naylor Indus., Inc.*, 763 S.W.2d 411, 413 (Tex.1989). A summary judgment seeks to eliminate patently unmeritorious claims and untenable defenses, not to deny a party its right to a full hearing on the merits of any real fact is-

sue. *Gulbenkian v. Penn*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952).

The defendant, as movant in a summary judgment proceeding, must either (1) disprove at least one element of each of the plaintiff's theories of recovery or (2) plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). A summary judgment for a defendant disposing of the entire case is proper only if, as a matter of law, the plaintiff could not succeed upon any theories pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983).

### Attorney Professional Malpractice

■ Under Texas law, an attorney can be held liable for professional malpractice only to a person with whom the attorney has privity, meaning to a client. *Parker v. Carnahan*, 772 S.W.2d 151, 156 (Tex. App.—Texarkana 1989, writ denied); *Bell v. Manning*, 613 S.W.2d 335, 339 (Tex.Civ. App.—Tyler 1981, writ ref'd n.r.e.). An attorney owes "no duty to third party non-clients." *Bell*, 613 S.W.2d at 338. The majority of jurisdictions follow this rule. *See* Jack W. Shaw, Jr., Annotation, *Attorney's Liability, To One Other Than His Immediate Client, For Consequences of Negligence in Carrying Out Legal Duties*, 45 A.L.R.3d 1181, 1181–1185 (1972); Brian J. Davis, Comment, *Lawyers' Negligence Liability to Non–Clients: A Texas Viewpoint*, 14 St. Mary's L.J. 405, 409 (1983). When the defendant attorney establishes that no attorney-client relationship exists, Texas courts grant summary judgment in favor of the defendant. *Draper v. Garcia*, 793 S.W.2d 296, 301 (Tex.App.—Houston [14th Dist.] 1990, no writ); *Dickey v. Jansen*, 731 S.W.2d 581, 582 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *First Mun. Leasing Corp. v. Blankenship, Potts, Aikman, Hagin & Stewart*, 648 S.W.2d 410, 414 (Tex.App.—Dallas 1983, writ ref'd n.r.e.); *Bell*, 613 S.W.2d at 339; *Martin v. Trevino*, 578 S.W.2d 763, 771 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

In cases where beneficiaries of a will or trust sue an attorney for improperly preparing or executing the document, Texas courts of appeal have followed the multitude of Texas decisions holding that an attorney owes no duty to a third party in absence of privity of contract in ruling that the attorneys owed no duty to an intended beneficiary. *See Dickey,* 731 S.W.2d at 582–83; *Berry v. Dodson, Nunley & Taylor,* 717 S.W.2d 716, 719 (Tex.App.—San Antonio 1986, writ dism'd by agr.).

Thomas directs our attention to other states that have abandoned the privity requirement in will preparation cases. *Lucas v. Hamm,* 56 Cal.2d 583, 592, 15 Cal.Rptr. 821, 827–28, 364 P.2d 685, 690–91 (1961); *Biakanja v. Irving,* 49 Cal.2d 647, 650, 320 P.2d 16, 19 (1958); *Stowe v. Smith,* 184 Conn. 194, 441 A.2d 81, 83 (1981). Additional jurisdictions that have no privity requirement include the District of Columbia, Illinois, New Mexico, and Wisconsin.

## ANALYSIS

At the outset, both sides acknowledge that Texas law requires privity of contract in order to bring this attorney malpractice suit. We agree. In this case, no privity of contract existed between Thomas and Pryor. *See Dickey,* 731 S.W.2d at 583. We also determine that opening attorney-client contracts to third party challenges would open a vast range of liability. *Id.* We believe that if a change of this magnitude is to be made, it should be made by the Texas Supreme Court or the Texas Legislature. *See Lynch v. Port of Houston Auth.,* 671 S.W.2d 954, 957 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

From a public policy perspective, we acknowledge the limitation of remedy concerns expressed by Thomas. But we also recognize disturbing consequences could occur if an attorney were held liable to third parties. Such liability

would inject undesirable self-protective reservations into the attorney's counselling role. The attorney's preoccupation

or concern with the possibility of claims based on mere negligence (as distinguished from fraud) by any with whom his client might deal would prevent him from devoting his entire energies to his client's interest. The result would be both an undue burden on the profession and a diminution in the quality of the legal services received by the client.

*Bell,* 613 S.W.2d at 339; *see* STATE BAR OF TEXAS, ETHICAL CONSIDERATIONS ON CODE OF PROFESSIONAL RESPONSIBILITY, EC 5–1 (1988) ("Neither his personal interests, the interests of other clients, nor the desires of *third parties* should be permitted to dilute [the] attorney's loyalty to his client.").[1] Thus, the privity rule is supported by public policy.

We must also reflect on the importance of the confidentiality that arises from the attorney-client relationship. The established rule is that an attorney cannot testify as to confidential communications made to the attorney by the client over the objection of the client or his heirs. *Miller v. Pierce,* 361 S.W.2d 623, 625 (Tex.Civ. App.—Eastland 1962, no writ). Regarding drafting or executing a will, the privilege is effective during the testator's lifetime, but after the testator's death the attorney may testify to facts affecting the execution or contents of the will. *See Krumb v. Porter,* 152 S.W.2d 495, 497 (Tex.Civ.App.—San Antonio 1941, writ ref'd). Opening such scrutiny to third parties, such as will beneficiaries, would jeopardize the integrity of the testator's confidential communications to the testator's attorney.

We have considered the opinions from the several jurisdictions that do not follow the privity rule, together with Thomas's argument that Bush's will was intended to benefit her. On balance and for the reasons set out above, we overrule all points of error and affirm the trial court's judgment.

---

1. We are aware that the Texas Code of Professional Responsibility was repealed effective January 1, 1990; however, we are still persuaded

by the policies underlying the Ethical Considerations on the Code.