**Leroy BARCELO III, Terri Jo Barcelo, Cecil Wayne Barcelo, Jr., Christopher Lee Barcelo, and Frances Michelle Barcelo Schock, Appellants,**

v.

**David J. ELLIOT and Eikenburg & Stiles, P.C., Appellees.**

No. 01–94–00830–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 9, 1995.

Rehearing Overruled March 2, 1995.

Gary L. McConnell, Angleton, for Appellants.

Sam W. Cruse, Jr., John P. Scott, Billy Shepherd, Houston, for Appellees.

Before WILSON, O'CONNOR and HUTSON–DUNN, JJ.

**OPINION**

HUTSON–DUNN, Justice.

In this case, we are confronted with a single issue: When an attorney negligently drafts an invalid trust instrument on behalf of his client, may the beneficiaries who would have received property under the trust sue the attorney even though they are not the attorney's clients? We affirm the judgment of the trial court that the appellants, plaintiffs in the court below, take nothing against the appellees.

In August of 1990, Frances Barcelo retained David Elliot, an attorney with the law firm of Eikenburg & Stiles, P.C., to prepare and oversee the execution of estate planning documents on her behalf. In connection with his legal work for Mrs. Barcelo, Elliot prepared a will and an inter vivos trust agreement. Mrs. Barcello died on January 22, 1991. Subsequently, Probate Court Number Three of Brazoria County entered a declaratory judgment that Mrs. Barcelo's trust agreement was invalid and unenforceable as a matter of law.

The plaintiffs, grandchildren of Mrs. Barcello and beneficiaries of the trust agreement, sued the defendants on the basis of negligence and breach of contract. The defendants filed a motion for summary judgment solely on the ground that, as a matter of law, the plaintiffs were not in privity with the attorney-client relationship between Elliot and Barcello. To support their motion, the defendants submitted an affidavit signed by Elliot in which he stated that neither he nor his law firm had represented the plaintiffs in the matters about which they complained in their lawsuit. Thus, the defendants claimed that they owed the plaintiffs no duty, and the plaintiffs had no standing to sue them.

In response to the defendant's motion for summary judgment, the plaintiffs submitted evidence of Elliot's negligence and their status as beneficiaries of Mrs. Barcelo's trust agreement. However, they did not submit any evidence to contradict the statements in Elliot's affidavit. The trial court granted the

defendants' motion and ordered that the defendants take nothing from the plaintiffs.

## I. Standard of reviewing a summary judgment

 In a summary judgment proceeding brought by a defendant, the movant must present summary judgment proof establishing, as a matter of law, that there is no genuine issue of material fact on one or more of the essential elements of the plaintiff's causes of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). If the defendant produces sufficient evidence to establish the right to a summary judgment, the plaintiff must set forth contradictory evidence that gives rise to a fact issue to avoid summary judgment. *Pinckley v. Gallegos*, 740 S.W.2d 529, 531 (Tex.App.—San Antonio 1987, writ denied). On appeal, evidence favorable to the plaintiff will be taken as true; every reasonable inference must be indulged in favor of the plaintiff and any doubts resolved in its favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984).

## II. Analysis

The plaintiffs recognize that existing Texas law precludes recovery on their causes of action. However, in their sole point of error, they assert two arguments: (1) public policy warrants the imposition of liability upon an attorney who negligently drafts estate planning documents that cause loss to the intended beneficiaries of such documents; and (2) writ histories of recent Texas intermediate appellate decisions indicate that the Texas Supreme Court is prepared to consider whether intended beneficiaries of an attorney-client agreement to prepare estate planning documents may sue the attorney for negligent preparation of such documents based upon a contractual third-party beneficiary theory.

 Under current Texas law, an attorney is only subject to suit by his client for negligent preparation of estate planning documents. *Thompson v. Vinson & Elkins*, 859 S.W.2d 617, 621–22 (Tex.App.—Houston [1st

Dist.] 1993, writ denied); *Thomas v. Pryor*, 847 S.W.2d 303, 304–05 (Tex.App.—Dallas 1992), *writ dism'd by agr.*, 863 S.W.2d 462 (Tex.1993); *Dickey v. Jansen*, 731 S.W.2d 581, 582–83 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *Berry v. Dodson, Nunley & Taylor, P.C.*, 717 S.W.2d 716, 718–19 (Tex.App.—San Antonio 1986), *writ dism'd by agr.*, 729 S.W.2d 690 (Tex.1987). The rationale behind this rule is that only a person with whom the attorney has privity has standing to sue for malpractice. *Thompson*, 859 S.W.2d at 621; *Thomas*, 847 S.W.2d at 304–05; *Dickey*, 731 S.W.2d at 582–83; *Berry*, 717 S.W.2d at 718. Intermediate courts of this state have applied this principal to preclude recovery under both a tort and third-party beneficiary theory. *Thompson*, 859 S.W.2d at 620 (professional negligence); *Thomas*, 847 S.W.2d at 304–05 (professional negligence and third party-beneficiary theory); *Dickey*, 731 S.W.2d at 582–83 (professional negligence and third-party beneficiary theory);[1] *Berry*, 717 S.W.2d at 718 (professional negligence). Further, cases addressing legal malpractice in other contexts have held that suits for malpractice are in the nature of a tort action regardless of how they are characterized by the plaintiff. *See, eg., Pham v. Nguyen*, 763 S.W.2d 467, 469 (Tex.App.—Houston [14th Dist.] 1988, writ denied) (tort statute of limitations applies to suit against attorney arising from representation of client regardless of theory upon which suit is based); *Sledge v. Alsup*, 759 S.W.2d 1, 2–3 (Tex.App.—El Paso 1988, no writ).

The plaintiffs argue that a "between-the-lines" reading of the writ history of the four most contemporary Texas cases that address the issue under consideration indicates that the supreme court is prepared to consider the recognition of a cause of action for attorney malpractice based upon a contractual third-party beneficiary theory. Specifically, they note that the supreme court granted writ in *Berry* and *Thomas* but declined writ in *Dickey* and *Thompson*. The plaintiffs assert that the distinguishing characteristic be-

---

1. The portion of this Court's opinion in Dickey that addressed recovery under a third-party beneficiary theory is dicta because the plaintiffs in

that case only pleaded that the defendants were liable on a professional negligence theory. *Dickey*, 781 S.W.2d at 582.

tween these cases is that the plaintiff's petitions in *Berry* and *Thomas* alleged a third-party beneficiary theory of recovery. We decline to speculate as to why the supreme court granted writ in these two cases. After examining the evidence in a light most favorable to the appellants and indulging every reasonable inference in their favor, *Montgomery*, 669 S.W.2d at 311, we find that the the plaintiffs in this case did not state a valid cause of action under existing Texas law. Therefore, we overrule their sole point of error.

We affirm the judgment of the trial court.