Lawrence E. OLIVER and Katherine Brittain, Appellants,

v.

E. Ray WEST, III, Appellee.

No. 11–94–144–CV.

Court of Appeals of Texas,
Eastland.

Oct. 26, 1995.

Rehearing Overruled Nov. 16, 1995.

Jerry L. Zunker, Zunker, Butler, Estes & Crane, Austin, for appellants.

John Wilson, Wilson, Grosenheider & Burns, Joseph Loiaconi, II, Wilson, Grosenheider & Burns, Austin, for appellee.

Before ARNOT, C.J., DICKENSON, J., and McCLOUD, S.J.[1] (Retired).

## OPINION

ARNOT, Chief Justice.

Lawrence E. Oliver and Katherine Brittain sued E. Ray West, III, an attorney, for allegedly mishandling the preparation of their father's will. The trial court entered a take-nothing summary judgment in favor of West. Appellants argue that the trial court erred in granting West's motion for summary judgment, in denying their motion for summary judgment, and in overruling their objections to the summary judgment evidence. We affirm.

In order to determine if the trial court erred in granting the motion for summary judgment, we must consider the summary judgment evidence in the light most favorable to the non-movants, indulging all reasonable inferences in favor of the non-movants, in order to determine whether the movant proved that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex.1985); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). In order for West to be

---

1. Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

entitled to summary judgment, he must have either disproved an element of each of the causes of action or established an affirmative defense as a matter of law. See *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *Way v. Boy Scouts of America*, 856 S.W.2d 230, 233 (Tex.App.—Dallas 1993, writ den'd).

The summary judgment evidence shows that appellants' father, Lawrence Earl Oliver, hired West to prepare his will in 1985. The will reflects that Oliver intended to divide certain funds which were deposited at Franklin Custodian Funds, Inc. into thirds for his current wife and appellants to share equally. However, the signature cards on these IRA accounts designated Oliver's wife as the primary beneficiary. Consequently, all of the funds in these accounts passed to Oliver's wife upon his death in 1992.

Appellants brought causes of action against West for: negligence and negligent interference with a prospective economic advantage; breach of the duty of good faith and fair dealing; and breach of contract asserted by third-party beneficiaries. West moved for summary judgment, contending that he owed no duty to appellants, that appellants were not in privity with the attorney/client relationship between Oliver and West, and that appellants had no standing to bring a breach of contract claim. The affidavit in support of West's motion for summary judgment shows that West had no attorney/client relationship with appellants. Appellants do not dispute this fact.

■ We hold that the trial court did not err in granting West's motion for summary judgment. First, West owed no duty to appellants because they were not his clients. Texas law ordinarily does not recognize a cause of action for negligence against an attorney when it is asserted by someone who is not in privity with the attorney. *Thompson v. Vinson & Elkins*, 859 S.W.2d 617, 621 (Tex.App.—Houston [1st Dist.] 1993, writ den'd); *Thomas v. Pryor*, 847 S.W.2d 303 (Tex.App.—Dallas 1992), *writ dism'd by agr.,*

863 S.W.2d 462 (Tex.1993); *Dickey v. Jansen*, 731 S.W.2d 581 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *Berry v. Dodson, Nunley & Taylor, P.C.*, 717 S.W.2d 716 (Tex.App.—San Antonio 1986), *writ dism'd by agr.*, 729 S.W.2d 690 (Tex.1987); see also *American Centennial Insurance Company v. Canal Insurance Company*, 843 S.W.2d 480 (Tex.1992) (in which the supreme court acknowledged the general rule but recognized an exception regarding the duty of a primary carrier's attorney to an excess liability carrier).

■ Second, the summary judgment evidence established that there was no attorney/client relationship or other special relationship giving rise to a duty of good faith and fair dealing. See *Thompson v. Vinson & Elkins*, supra at 623.

■ Third, appellants (who were outside the attorney/client relationship) had no cause of action as third-party beneficiaries for injuries sustained by West's allegedly negligent performance of or his failure to perform a duty owed to his client. *Dickey v. Jansen*, supra at 582; *Berry v. Dodson, Nunley & Taylor, P.C.*, supra at 718. West established that he was entitled to judgment as a matter of law. Therefore, the trial court did not err in granting his motion for summary judgment and in denying appellants' motion for summary judgment. The first and second points of error are overruled.[2]

■ In their final point, appellants assert that the trial court erred in overruling their objections to evidence relating to West's negligence. West's summary judgment evidence reflects that he told Oliver to check the signature cards at the bank and to change them if they did not reflect his testamentary intent. Appellants objected that this evidence was hearsay and that it violated the attorney/client privilege. This evidence, however, was not material to the trial court's granting of summary judgment because it did not relate to the issues of duty, privity, or lack of standing. See *TPS Freight Distributors,*

---

**2.** We note that the Texas Supreme Court has granted writ in a case concerning the lack of privity between the beneficiaries of a trust agreement and the attorney who allegedly negligently prepared the agreement. *Barcelo v. Elliot*, No. 01–94–00830–CV, 1995 WL 51054 (Tex.App.—Houston [1st Dist.] February 9, 1995) (not published).

*Inc. v. Texas Commerce Bank–Dallas*, 788 S.W.2d 456, 460 (Tex.App.—Fort Worth 1990, writ den'd). The third point of error is overruled.

The judgment of the trial court is affirmed.