Opinion issued May 20, 2004







  

 



 
In The
Court of Appeals
For The
First District of Texas




NO. 01-99-01192-CV




ROY MALONE, MARY MALONE, HARRELL ALEXANDER, LILLIE MAE
AUCOIN, CLIVE BELCHER, HERSCHEL BLACKFORD, AUDREY J. BODINE,
CAROLYN BOLDING, LARRY E. BRANNEN, LLOYD B. BRANNEN,
HARROLD BROUSSARD, CURTIS BROWN, LLOYD BUTLER, J.A.
CAMPBELL, SHIRLEY CAMPBELL, WILLIAM E. CAMPBELL, RUSSELL
CASH, MARGARET COFFMAN, SARAH COFFMAN CHAMPION, NANCY
COFFMAN HANSON, MARY CIMRHANZEL, FRANK L. CIMRHANZEL, JR.,
ROBERT P. CIMRHANZEL, JOHN W. COPELAND, BILLY J. CROWELL,
JAMES DARTEZ, LOUISE J. DAVID, JOSEPH DAVID, JAMES DENBY, DREW
KEITH DODSON, TOMMIE L. EASLEY, FOSTER EDMONDSON, LYNDA
EVANS, FELIPA GALICIA, PATRICIA GAREFALOS, THOMAS GILLESPIE,
LELTON GREEN, GARY D. GREENE, ROLAND GUIDRY, EMMA J. HAMON,
NANCY C. HANSON, WILLIAM B. HARDY, JR., HILDA HARRIS, DAVID L.
HARTWELL, GERALD T. HARTWELL, TOMMIE L. HEATHMAN, ALLAN
HERRING, STEVEN HOSEA, ROBERT HRESKO, SHERRI R. HUGHES,
BOBBY JOHNSON, JR., AARON KENT KIMBELL, JOHN KYBURZ, MILTON
LABRY, JESSIE LADD, CARLTON LAGEMAN, C. DALE LANGSTON,
DONALD LAUVE, BILLY LEE, JOHN M. LUKER, WILLIAM D. LUKER, JR.,
DOROTHY WILLIAMS MURRAY, LUKE NAQUIN, JOSEPH L. NOBLES,
GRACE OVERSTREET, JERRY L. PERKINS, MARSHALL T. PETERSON,
THOMAS M. POWELL, JAMES I. RICHARDSON, GENE ROSS, SCOTT I.
ROSS, WILBURENE SAUNDERS, SHERMAN A. SEARLS, JR., GARVIN H.
SHIPLEY, BILLY J. SMALL, RICHARD C. SMITH, JR., MARY FERN
STURDIVANT, MILDRED SUTTON, EMILY C. TEASDALE, C. WAYNE
THOMPSON, MICHELE THOMPSON, GLENN THORNTON, RODNEY
THORNTON, NELSON E. TRUELOVE, JAMES W. TURLEY, JIMMY L.
UNGER, SR., HIPARCO VELA, JACKIE WADE, ROBBY WALLACE, MARY O.
WARD, DONALD G. WILLIAMS, JEFF A. WINN, JOE BOB WOLF, 
AND JOE B. WOOD, Appellants

V.

ABRAHAM, WATKINS, NICHOLS & FRIEND, A PARTNERSHIP; ROBERT E.
BALLARD; ROBERT E. BALLARD, P.C.; LAW OFFICES OF ROBERT E.
BALLARD, P.C.; FRANK T. ABRAHAM; FRANK T. ABRAHAM, P.C.; DALE
FRIEND; DALE FRIEND, P.C.; NICK C. NICHOLS; NICK C. NICHOLS, P.C.;
RANDALL O. SORRELLS; DAVID P. MATTHEWS; DON WEITINGER; AND
W. COREY RICH, III, Appellees




On Appeal from the 189th District Court
Harris County, Texas
Trial Court Cause No. 98-32463 (Consolidated)




MEMORANDUM OPINION ON REHEARING
          We vacate our judgment of July 24, 2002, withdraw our previous opinion, and
issue the following one in its stead. Appellants’ motion for rehearing is granted.
          The 93 appellants, all former clients or co-workers of Abraham, Watkins,
Nichols & Friend, sued the firm and various attorneys under numerous causes of
action. The trial court granted appellees’ motions for summary judgment and
awarded sanctions against appellants’ trial counsel. We affirm.
Background
          There are two sets of appellees in this lawsuit: (1) Abraham, Watkins, Nichols
& Friend and one of its partners, Robert E. Ballard (collectively “AWNF and
Ballard”),


 and (2) Don Weitinger and W. Corey Rich, III (collectively “Weitinger
and Rich”).
          All of the appellants were at one time clients of AWNF and Ballard and
Lawrence Madeksho as plaintiffs in asbestos litigation. Fibreboard, one of the
defendants in that litigation, settled with some of the plaintiffs and agreed to pay its
settlement proceeds in two equal installments. As agreed, AWNF and Ballard
received a portion of their attorneys’ fees when the first installment was paid. In the
interval between the two settlement installments, AWNF and Ballard withdrew from
further representation of the plaintiffs who had not settled and the plaintiffs who still
had pending cases in the trial courts against the remaining defendants. When
Fibreboard paid its second installment, Madeksho refused to pay AWNF and Ballard
their remaining attorneys’ fees. AWNF and Ballard then brought suit in contract
seeking payment of $1,029,756 in fees. 
          Weitinger and Rich represented Ballard, and Steven Watkins represented
AWNF, in their suits against Madeksho. The trial court granted summary judgment
for AWNF and Ballard, and the judgment was affirmed on appeal. Madeksho v.
Abraham, Watkins, Nichols & Friend, 57 S.W.3d 448 (Houston [14th Dist.] 2001,
pet. denied). 
          Madeksho and almost 100 plaintiffs involved in the asbestos cases filed 89
separate but virtually identical lawsuits against AWNF and Ballard, Weitinger and
Rich, and Watkins


 complaining of their conduct in the fee dispute litigation. The
plaintiffs included Madeksho,


 various claimants in the Fibreboard litigation, and four
claimants in the asbestos litigation against Owens-Corning Fiberglass. The petitions
alleged causes of action including: (1) professional negligence; (2) violation of a
confidential relationship; (3) actual and constructive fraud and misrepresentation; (4)
breach of fiduciary duty; (5) conspiracy; (6) gross negligence; (7) deliberate,
intentional, willful, and/or malicious conduct; (8) tortious interference with a
contract; (9) invasion of privacy; (10) intentional infliction of emotional distress; (11)
violations of State Bar rules; and (12) conversion and unjust enrichment. 
          The gravamen of their complaints was that AWNF and Ballard filed a
fraudulent lawsuit against Madeksho in the fee dispute litigation. The allegations
were also based on the disclosure of the Fibreboard settlement sheets to the trial
court. In addition, the petitions made allegations about the dissemination of other
information. The vast majority of the appellants were plaintiffs in the Fibreboard
litigation. Additionally, information for some asbestos clients who were not involved
in the Fibreboard settlement was disclosed. There is no evidence indicating that
AWNF and Ballard disseminated confidential information to the public, but
appellants argued that they were still entitled to recovery because AWNF and Ballard
could have disclosed such information to other persons.



          Weitinger and Rich moved for summary judgment, arguing that non-clients
have no cause of action against someone else’s lawyer and that appellants lacked
standing. In December 1998, the trial court granted Weitinger and Rich’s motion for
summary judgment.          
          Lynda Evans, a former AWNF and Ballard client, sued AWNF and Ballard and
Weitinger and Rich after Weitinger and Rich’s summary judgment was granted. 
           Weitinger and Rich sought sanctions against Madeksho and Eric Bogdan,
appellants’ trial counsel. The trial court held a sanctions hearing but did not rule.
          The trial court consolidated the Evans suit, the 89 appellants’ suits against
AWNF and Ballard, and Weitinger and Rich’s sanctions suit against Madeksho and
Bogdan. AWNF and Ballard and Weitinger and Rich moved for summary judgment,
and, in July 1999, the trial court granted the motions. In total, six motions for
summary judgment were granted.
          AWNF and Ballard and Weitinger and Rich moved for sanctions against
Madeksho and Bogdan. During a July 1999 hearing, the trial court found the suits
were frivolous, groundless, and filed for harassment purposes and awarded $60,000
in sanctions.


 Ballard later sought additional sanctions against Madeksho stemming
from another suit in which Ballard had sued Madeksho for libel and slander. In that
case, Madeksho filed a plea in intervention alleging the same facts the trial court had
previously found frivolous. Ballard sought, and was awarded, $10,000 in additional
sanctions.
          Here, the appellants appeal from the decision of the trial court to grant the six
motions for summary judgment and the sanctions award.
I. Summary Judgment
A. Standard of Review
          Summary judgment under rule 166a(c) is proper only when a movant
establishes that there is no genuine issue of material fact and that the movant is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Randall’s Food
Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); Marchal v. Webb, 859
S.W.2d 408, 412 (Tex. App.—Houston [1st Dist.] 1993, writ denied). Once the
movant has established a right to summary judgment, the burden shifts to the non-movant. Marchal, 859 S.W.2d at 412. The non-movant must respond to the motion
for summary judgment and present to the trial court any issues that would preclude
summary judgment. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671,
678 (Tex. 1979); Marchal, 859 S.W.2d at 412.
          In reviewing a summary judgment, we must indulge every reasonable inference
in favor of the non-movant and resolve any doubts in its favor, and we will assume
that all the evidence favorable to the non-movant is true. Johnson, 891 S.W.2d at
644; Marchal, 859 S.W.2d at 412. To prevail on a rule 166a(c) motion for summary
judgment, a defendant must conclusively negate at least one of the essential elements
of each of the plaintiff’s causes of action or conclusively establish each essential
element of an affirmative defense. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.1995).
          Under rule 166a(i) of the Texas Rules of Civil Procedure, a party may move for
summary judgment if there is no evidence of one or more essential elements of a
claim or defense on which an opposing party would have the burden of proof at trial 
Tex. R. Civ. P. 166a(i). A trial court must grant a no-evidence motion for summary
judgment if the non-movant cannot produce more than a scintilla of evidence raising
a genuine issue of material fact. Flameout Design & Fabrication Inc. v. Pennzoil
Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). 
On review, we examine the record in the light most favorable to the non-movant. Id.
B. AWNF and Ballard 
          In point of error one, the appellants argue that the trial court erred when it
granted summary judgment to AWNF and Ballard. 
          AWNF and Ballard presented three grounds in their motion for summary
judgment: (1) the plaintiffs suffered no economic damages and cannot recover mental
anguish damages as a result of attorney negligence;


 (2) no private cause of action
exists for violations of State Bar rules; and (3) any information disclosed was neither
confidential nor privileged, and disclosure was expressly authorized in the fee
dispute. 
          1. Damages
          The appellants’ second amended petitions alleged that they had incurred
“actual and inherent damages,” for mental anguish due to AWNF and Ballard’s
conduct in the fee dispute litigation that followed the successful conclusion of the
appellants’ personal injury litigation. They sought forfeiture and disgorgement of all
fees previously received by AWNF and Ballard from their case. In addition, the
appellants alleged that they were entitled to exemplary damages as a result of being
“stabbed in the back.” The appellants received all the settlement funds to which they
were entitled as a result of the asbestos litigation. The fee dispute between Madeksho
and AWNF and Ballard, therefore, had no direct impact on the appellants. 
          In their motion for summary judgment, AWNF and Ballard argued that, as a
matter of law, there was no evidence to show that their conduct in the fee dispute
caused the appellants damages. See Tex. R. Civ. P. 166a(i). On appeal, AWNF and
Ballard argue that the Texas Supreme Court has held that purely emotional damages
resulting from attorney negligence are not recoverable, citing Douglas v. Delp, 987
S.W.2d 879 (Tex. 1999). 
          We do not agree that the holding in Douglas was as broad as AWNF and
Ballard claim. In fact, the Douglas court held that, “when a plaintiff’s mental anguish
is a consequence of economic losses caused by an attorney’s negligence, the plaintiff
may not recover damages for that mental anguish.” Id. at 885 (emphasis added). 
Here, the appellants have produced no evidence of mental anguish — resulting from
economic loss or otherwise.  
          The appellants’ causes of action for negligence, gross negligence, intentional
infliction of emotional distress, civil conspiracy, fraudulent misrepresentation,
tortious interference with contract, unjust enrichment, invasion of privacy,
conversion, and deliberate, intentional, willful, and/or malicious conduct all require
proof of damages. Because the appellants offered no proof of damages, they were
properly disposed of by way of summary judgment. See Fortune Prod. Co. v.
Conoco, Inc., 52 S.W.3d 671, 685 (Tex. 2000) (unjust enrichment); GTE Southwest,
Inc. v. Bruce, 998 S.W.2d 605, 611 (Tex. 1999) (intentional infliction of emotional
distress); Thapar v. Zezulka, 994 S.W.2d 635, 637 (Tex. 1999) (negligence); Powell
Indus., Inc. v. Allen, 985 S.W.2d 455, 456 (Tex. 1998) (tortious interference with
contract); Latham v. Castillo, 972 S.W.2d 66, 70 (Tex. 1998) (fraudulent
misrepresentation); United Mobile Networks, L.P. v. Deaton, 939 S.W.2d 146, 148
(Tex. 1997) (conversion); Parkway Co. v. Woodruff, 901 S.W.2d 434, 444-46 (Tex.
1995) (malicious conduct); Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex.
1983) (civil conspiracy); Billings v. Atkinson, 489 S.W.2d 858, 861 (Tex. 1973)
(invasion of privacy); Giraud v. Moore, 26 S.W. 945, 946 (1894) (gross negligence).
          The appellants assert that they need not show they were damaged by AWNF
and Ballard’s dissemination of confidential information which, they claim, constituted
a breach of fiduciary duty. The appellants are correct that the Texas Supreme Court
has held that a client need not prove actual damages in order to obtain forfeiture of
an attorney’s fee for the attorney’s breach of a fiduciary duty to the client. Burrow
v. Arce, 997 S.W.2d 229, 240 (Tex. 1999). However, the remedy is restricted to
“clear and serious” violations of duty. Id. (citing Restatement (Third) of The Law
Governing Lawyers § 49 (Proposed Final Draft No. 1, 1996)). Some violations are
inadvertent or do not significantly harm the client. Id.  
          Here, Weitinger testified, by way of affidavit, that he attached the settlement
sheets as an exhibit to Abraham Watkins’s response to Madeksho’s motion for
summary judgment. He believed that he had filed the attachments under seal. During
Weitinger’s deposition, Madeksho asked him questions that lead Weitinger to believe
the attachments may not have been submitted under seal. The same day as the
deposition, Weitinger went to the courthouse to determine if, in fact, the settlement
sheets were inadvertently not sealed. His affidavit indicates that he was unable to
access the file because it was still in the intake process. He spoke with the trial judge
who agreed that, once the documents arrived in her courtroom, she would hold them
until Weitinger drafted a motion to seal. He filed a motion to seal, and the trial court
granted the motion that same day that the documents arrived in her courtroom. There
is no evidence that the records were ever accessible to the public. Summary judgment
was properly granted on the fiduciary duty cause of action. 
          The only remaining cause of action was for alleged violations of the State Bar
rules. 
          2. State Bar Rules
          In their second amended petition, the appellants alleged professional
negligence and gross negligence per se. The petition stated, in part, as follows:
The Texas Supreme Court has adopted the position of Section 288B of
the Restatement (Second) of Torts that the violation of a legislative
enactment or an administrative regulation which is adopted by the court
as defining the standard of conduct of a reasonable man, is negligence
itself. In that regard, [AWNF and Ballard] knowingly and intentionally
violated, among other things, the following Texas Disciplinary Rules of
Professional Conduct promulgated by the Texas Supreme Court: Rule
1.03, Rule 1.04, Rule 1.05, Rule 1.06, Rule 1.08(e), Rule 1.14, Rule
1.15, Rule 2.01, Rule 3.01, Rule 3.03, Rule 5.03 and Rule 8.04. 

          The appellants neglect to mention that the Texas Disciplinary Rules expressly
state that a violation of the Code of Professional Responsibility does not give rise to
a private cause of action. See Tex. Disciplinary R. Prof’l Conduct 1.05 preamble
¶ 15; Judwin Props., Inc. v. Griggs & Harrison, P.C., 981 S.W.2d 868, 869-70 (Tex.
App.—Houston [1st Dist.] 1998), pet. denied, 11 S.W.3d 188 (Tex. 2000). Thus, the
State Bar Rules are not enforceable through the appellants’ negligence claim. See
Judwin, 981 S.W.2d at 870. 
          Having determined that the appellants failed to present any evidence of
damages and that violations of State Bar Rules do not create private causes of action,
we need not determine whether the information allegedly released by AWNF and
Ballard was privileged or confidential.
          We overrule point of error one.
C. Weitinger and Rich 
          In points of error two, three, four, and five, the appellants contend that the trial
court erred when it granted summary judgments in favor of Weitinger and Rich in
December 1998 and July 1999.
          In 1998, Weitinger and Rich filed separate summary judgment motions arguing
that: (1) the appellants, as non-clients, lacked standing to sue and had no right of
recovery against Weitinger and Rich for any alleged wrongful conduct; (2) they were
immune from liability to their clients’ adversary as a matter of law; and (3) the
appellants were barred from bringing a private cause of action for violations of State
Bar Disciplinary Rules.


 The trial court granted the motions without designating a
reason. 
          After the trial court granted Weitinger’s and Rich’s first motions for summary
judgment, 10 additional plaintiffs intervened in the case alleging the same causes of
action. Also, two more cases were consolidated with this case after summary
judgment had been granted. In 1999, Weitinger and Rich filed a joint motion for
summary judgment arguing that, as a matter of law, the appellants’ case fails because
the appellants have no standing and Weitinger and Rich are immune from liability. 
The trial court also granted the joint motion without stating a reason.
          1. Standing
          An attorney owes a duty only to those in privity with him. Dickey v. Jansen,
731 S.W.2d 581, 582 (Tex. App.—Houston [1st Dist.] 1987, writ ref’d n.r.e.). An
attorney, therefore, owes a duty of care only to his client, not to third parties. Barcelo
v. Elliott, 923 S.W.2d 575, 577 (Tex. 1996). Only a person with whom the attorney
has privity has standing to sue for malpractice. Barcelo v. Elliot, 927 S.W.2d 28, 30 
(Tex. App.—Houston [1st Dist.] 1995), aff’d, 923 S.W.2d 575 (Tex. 1996);
Thompson v. Vinson & Elkins, 859 S.W.2d 617, 621 (Tex. App.—Houston [1st Dist.]
1993, writ denied); Dickey, 731 S.W.2d at 582-83. Intermediate courts of this state
have applied this principal to preclude recovery under both tort and third-party
beneficiary theories. See Thompson, 859 S.W.2d at 620 (professional negligence);
Dickey, 731 S.W.2d at 582-83 (professional negligence and third-party beneficiary
theories).
          For purposes of a claim for professional negligence, “privity” means the
contractual connection or relationship that exists between the attorney and the client. 
See Dickey, 731 S.W.2d at 582. “Texas law does not recognize a cause of action for
negligence against an attorney asserted by one not in privity with that attorney[.]” 
Id.; see Thompson, 859 S.W.2d at 621. Texas cases “have consistently held that third
parties have no standing to sue attorneys on causes of action arising out of their
representation of others.” Dickey, 731 S.W.2d at 582-83.
          In Dickey, testamentary trust beneficiaries brought a cause of action for
professional negligence against the testator’s attorney and law firm for negligent
preparation of a trust provision. Id. at 582. The trust provision at issue was to have
included mineral interests in Louisiana, but the provision was invalid under Louisiana
law. Id. The defendants moved for summary judgment, arguing that “an attorney is
not liable to . . . those not in privity to attorneys . . . for alleged failure to perform
duties which the attorney owes only to his clients.” Id. The trial court granted the
defendants’ motion. Id. This Court affirmed, rejecting the plaintiffs’ argument that
they were entitled to maintain their action as third-party beneficiaries to the
employment contract between the testator and the attorney. Id.
          Weitinger and Rich never represented the appellants and were sued simply
because they represented AWNF and Ballard in the fee dispute lawsuit against
Madeksho. Therefore, the appellants lack standing to bring suit against Weitinger
and Rich.
          2. Immunity
          Texas case law frowns on suing opposing counsel simply for representing a
party in a judicial proceeding. Bradt v. Sebek, 14 S.W.3d 756, 766 (Tex.
App.—Houston [1st Dist.] 2001, pet. denied); see , e.g., Likover v. Sunflower Terrace
II, Ltd., 696 S.W.2d 468, 472 (Tex. App.—Houston [1st Dist.] 1985, no writ); Morris
v. Bailey, 398 S.W.2d 946, 947 (Tex. App.—Austin 1966, writ ref’d n.r.e.). An
attorney is immune from civil liability, as to non-clients, for any actions taken in
connection with representing his client in litigation. See Butler v. Lilly, 533 S.W.2d
130, 131-34 (Tex. App.—Houston [1st Dist.] 1976, writ dism’d) (statements made
during jury argument). An attorney is charged with the duty of zealously representing
his clients within the bounds of the law. Bradt v. West, 892 S.W.2d 56, 71-72 (Tex.
App.—Houston [1st Dist.] 1994, writ denied). In fulfilling his duties, he has the right
to interpose any defense and take advantage of any legal right on the client’s behalf
that he deems necessary and proper, without being subjected to liability or damages. 
Id. If an attorney could be held liable for statements made, or actions taken, in the
course of representing his client, he would be forced to balance his own potential
exposure against his client’s best interest. See id. Such a conflict would necessarily
hamper justice.
          Weitinger and Rich never represented the appellants, had no relationship with
the appellants, and, thus, owed them no duty. Weitinger hired Rich on a contract
basis primarily for research and some fee-splitting analysis. Rich never served as
attorney of record and never participated in any oral arguments.
          There is an exception to the immunity bar which arises only when an attorney
has engaged in intentional misconduct. McCamish, Martin, Brown & Loeffler v. F.
E. Appling Interests, 991 S.W.2d 787, 794 (Tex. 1999). The appellants presented no
evidence that such an exception applies in this case.
          Weitinger and Rich are immune from liability to the appellants.
 
          3. Disciplinary Rules
          As discussed above, alleged violations of the State Bar Disciplinary Rules do
not give rise to private causes of action. See Judwin, 981 S.W.2d at 870.
          The trial court properly granted Weitinger’s and Rich’s motions for summary
judgment. 
          We overrule points of error two, three, four, and five.
II. Sanctions



          In points of error seven and eight, Madeksho and Bogdan argue that the trial
court abused its discretion by granting the various motions for sanctions against them.
A. Standard of Review 
          This Court reviews a trial court’s rule 13 sanctions order under an abuse of 
discretion standard. Laub v. Pesikoff, 979 S.W.2d 686, 693 (Tex. App.—Houston
[1st Dist.] 1998, pet. denied). Our test for abuse of discretion is deferential to the trial
court—whether the court acted without reference to any guiding rules and principles. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).
Therefore, “[i]t is not necessarily an abuse of a trial court’s discretion if under the
same facts we would decide the matter differently, or if the court committed a mere
error in judgment.” Sebek, 14 S.W.3d at 761. Moreover, the trial court’s discretion
is limited only by the requirement that its order be just and that the sanctions imposed
be directly related to the harm done by the sanctioned conduct. Ray v. Beene, 721
S.W.2d 876, 879 (Tex. App.—Houston [1st Dist.] 1986, writ ref’d n.r.e.). 
B. Discussion
          Appellants complain that the sanctions were excessive, the claims were not
groundless, and there was no evidence to rebut the presumption that the claims were
not brought in bad faith. In total, the appellants were sanctioned $70,000. The
testimony included the following: (1) Rich incurred $43,074 in expenses and had lost
$10,068.04 in billable time due to the demands of this suit; (2) Weitinger incurred
over $50,000 in defense costs; and (3) AWNF and Ballard incurred over $150,000 in
defense costs and $29,000 in out-of-pocket expenses and lost fees. In addition, the
appellants filed 89 virtually identical frivolous suits, as discussed above. 
          A trial court’s rule 13 sanctions order must be upheld if any of the facts set
forth by the court support the sanctions. Sebek, 14 S.W.3d at 764. Appellants argue
their lawsuits were not pursued in bad faith; however, the multitude of frivolous
claims and their continued harassment of the appellees support the trial court’s order
sanctioning appellants. 
          Appellants further complain that the trial court did not sufficiently specify the
good cause supporting the sanctions order; however, appellants failed to make a
timely objection at trial and have waived their right to complain.


 Tex. R. App. P.
33.1; Texas-Ohio Gas v. Mecom, 28 S.W.3d 129, 135 (Tex. App.—Texarkana 2000,
no writ).
C. Additional Sanctions
          Appellants also complain about the additional sanctions stemming from
Madeksho’s plea in intervention in the Brazoria County case. Madeksho filed a plea
in intervention alleging the same facts the trial court had previously found frivolous,
and Ballard sought, and was awarded, $10,000 in additional sanctions. 
          Appellants rely on Johnson v. Smith, 857 S.W.2d 612 (Tex. App.—Houston
[1st Dist.] 1993, no writ) for the proposition that the trial court was without
jurisdiction to award additional sanctions for appellants’ filing another case in
another jurisdiction. Johnson is distinguishable. In that case, we held that a trial
judge presiding in his own court was without jurisdiction to impose sanctions on a
party for violation of another court’s order. Id. at 618. In contrast, here, the court did
not impose a sanction for violation of another court’s order, but imposed a sanction
for committing the same conduct for which the court had just admonished him —
filing frivolous lawsuits. 
          We held, in Miller v. Armogida, 877 S.W.2d 361, 364 (Tex. App.—Houston
[1st Dist.] 1994, writ denied), that, under the “just sanctions” provision, the court
could impose sanctions on a party to prevent him from filing the same claims in
another court. In Miller, the trial court imposed an injunction on a party to prevent
him from filing the same claim in another court. Id. Here, as in Miller, the trial court
that found the initial 89 claims frivolous should not have to sit idly by while
Madeksho files a multitude of the same claims in another court. See id. Madeksho
had already filed the claim, so the next logical remedy was to impose sanctions under
rule 13.
          We overrule points of error seven and eight.
III. Discovery Master
          In point of error nine, the appellants contend that the trial court erred when it
adopted the finding of the court-appointed discovery master regarding the attorney-client privilege.
          To expedite the disposition of cases, a trial court may delegate pretrial matters
to a master to allow the trial judge to devote more time to trials and substantive
issues. Simpson v. Canales, 806 S.W.2d 802, 809 n.9 (Tex. 1991); Hansen v.
Sullivan, 886 S.W.2d 467, 469 (Tex. App.—Houston [1st Dist.] 1994, orig.
proceeding). A party objecting to a master’s appointment must make an objection not
within some arbitrary time period, but before it has taken part in the proceedings
before the master or before the parties, the master, and the court have acted in reliance
on the master’s appointment. Owens-Corning Fiberglas Corp. v. Caldwell, 830
S.W.2d 622, 625 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding).
          On December 7, 1998, during an unrelated hearing, the trial court suggested
that it “sign an order appointing Judge Soussan as the master so you can get the next
deposition taken.” The trial court specifically asked, “Is there anyone here that now
would object to the appointment of Susan Soussan as the master in chancery to
preside?” The appellants said they did not know Judge Soussan, but they lodged no
objection. On December 10, the trial court signed the order appointing the special
master. On January 19, 1999, the master conducted two separate telephone hearings
addressing issues that arose during two depositions. Rulings were made and accepted
by the parties. 
          The appellants’ brief states “the defendants complained to [the master] that
Madeksho had asserted the attorney-client privilege on behalf of [an appellant] during
[that appellant’s] deposition.”


 On April 9, 1999, the master notified the parties that
she would conduct a hearing on that issue. The appellants informed the master that
they would not be attending the hearing because they were objecting to her
appointment and did not want to waive the objection by participating in the hearing. 
However, the appellants’ objection was untimely, as it was not made until three
months after rulings had been made on other discovery disputes. See id. 
          The record from the April hearing, reflects that the appellants did not attend the
hearing. During the hearing, Judge Soussan indicated that there had been two special
master hearings in the case, both of which took place on January 19, 1999. Judge
Soussan was called twice on the same day to rule on objections that were lodged
during two different depositions. Judge Soussan made rulings on the telephone, and
she believed that the rulings were “accepted by all parties.” Judge Soussan further
stated that on March 31, 1999 she notified all parties that she would be conducting
a hearing on all discovery disputes. The appellants responded and indicated that they
had concerns about appearing before Judge Soussan because such an appearance
would waive any objection they might have to the appointment of a master. Judge
Soussan responded to the appellants’ letter by reminding them that they had already
“made appearances before the special master of several occasions which by their
presence and participation acknowledged [her] appointment as special master.”
          Because they chose not to participate in the hearing, and thus did not present
any evidence to support their objection to the discovery sought, the appellants waived
their complaint and present nothing for appellate review. See Tex. R. Civ. P. 199.6
          We overrule point of error nine.
Conclusion
          We affirm the judgment. 
 
                                                                        Davie L. Wilson
                                                                        Justice

Panel consists of Justices Nuchia and Wilson.